## Hoffman, Appellant, *v.* Adair.

*Contract—Entire contract—Sale.*

Where a buyer of tobacco agrees to purchase all the "Ohio low grades" the seller has in stock at four cents a pound, the contract is entire, and if the seller delivers three car loads of tobacco, two of which conform to the contract, but the third contains in part other tobacco than that specified, the buyer is bound to accept the tobacco in the latter car which conforms to the contract, because he bought by the pound, and could not refuse the whole carload because part of it did not come up to the standard.

*Contract—Payment—Tender—Condition.*

The annexing of a condition without right to an offer of payment will prevent it from being a valid tender.

Argued March 13, 1917. Appeal, No. 6, March T., 1917, by plaintiff, from judgment of C. P. York Co., Aug. T., 1913, No. 105, on verdict for defendants in case of Michael R. Hoffman, Trading as the Hoffman Leaf Tobacco Company, v. James Adair and William H. Toomey, Trading as Enterprise Tobacco Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

164, (1917).]   Charge of Court below—Arguments.

Assumpsit for goods sold and delivered. Before
WANNER, P. J.

The facts are stated in the opinion of the Superior
Court.

The court charged in part as follows:

"As to the tender which has been testified to we in-
struct you that in form the tender as made was suffi-
cient. The check of the defendant was only refused be-
cause it was insufficient in amount to cover the whole of
the plaintiff's claim. The check cannot therefore be re-
jected as a tender unless it was not for the money then
due in full. On the witness stand the plaintiff said he
would have accepted the check if it had been large enough
to cover his claim—he did not object to the check not
being good, but to its not being sufficient in amount. So
we say to you that if the defendants' check and the money
already paid by him at the time when the check was
tendered was sufficient to cover everything due to the
plaintiff, including interest, then the plaintiff can recover
no more." (6)

Verdict and judgment for defendants. Plaintiff ap-
pealed.

*Errors assigned,* among others, were (5) answer to
point quoted in the opinion of the Superior Court, and
(6) portion of charge as above quoting it.

*S. R. Zimmerman* and *Richard E. Cochran,* with them
*George Hay Kain* and *Smyser Williams,* for appellant.—
This contract was entire; it was for the purchase of all
the plaintiff's tobacco of a certain kind which he should
have in the season of 1912. It was therefore the duty of
the trial court to instruct the jury in this case that ac-
cording to the testimony of the plaintiff and the defend-
ants the contract upon which the suit is founded was
entire, and that the defendants could not reject it in part,
they could not keep some of the goods and return the

remaining portion, they were obliged to return in toto or not at all: Jones v. Brown, 167 Pa. 395; Elzea v. Brown, 59 Pa. Superior Ct. 403; Standard Roller Bearing Co. v. Hubb Machine Welding & Contracting Co., 61 Pa. Superior Ct. 14; Douglass v. Hustead, 216 Pa. 292; Rawson v. Johnson, 1 East. 203.

*Henry C. Niles*, with him *A. W. Herrmann*, for appellees.

OPINION BY WILLIAMS, J., July 13, 1917:

This was an action of assumpsit to recover the sale price of tobacco furnished to defendants by plaintiff.

Plaintiff's agent testified that on November 29, 1912, defendants agreed to purchase all the "Ohio low grades" plaintiff had in stock at four cents a pound. Plaintiff confirmed the alleged order as follows: "We duly received your order through our Mr. Roath for all our Ohio warehouse leaves at 4c a ct. wt. net cash f. o. b. Ohio to be shipped at once. Same was accepted and the tobacco ordered shipped." Plaintiff shipped two carloads of what he called "Ohio low grade" from Ohio, and one car from Indiana. Defendants accepted the two from Ohio but refused the one from Indiana, claiming that it was not what they had agreed to purchase. They paid $76.75 freight on the car refused. Plaintiff would not receive the returned car and it does not appear what became of it.

Defendants' witnesses testified that the contract was to purchase all the "Ohio warehouse leaves" plaintiff had, and not all the "Ohio low grades" and that there was a substantial difference between the two; that in the car refused there were approximately thirty cases of "Warehouse leaves" out of sixty cases. According to plaintiff's witness the car contained twenty-seven cases of "leaves" and the balance, other kinds of "Ohio low grades."

At the request of the defendants the court charged,

inter alia: "The contract upon which this action is founded is not for the purchase of three carloads of tobacco or for any fixed quantity of tobacco by the defendant from the plaintiff. It was the purchase of all the Ohio warehouse leaves which the plaintiff had at the time of the contract. The defendant was not obliged to receive and pay for a car containing tobacco other than Ohio Warehouse Leaves." Appellant has assigned this as error.

The jury found a verdict for the defendants upon which judgment was entered and plaintiff appealed.

Both parties agree that the contract was for the purchase of all the "Ohio warehouse leaves" plaintiff had in stock. This being so, the contract was entire as to any warehouse leaves furnished by plaintiff to defendants. They were bound to accept all the Ohio warehouse leaves delivered and the evidence is that they refused to accept at least twenty-seven cases. It was, therefore, error to affirm the defendants' fifth point without this qualification. This was not cured by leaving the other questions in dispute to the jury. Defendants did not buy by the carload, but by the pound, and could not refuse the whole carload because part of it did not come up to the standard. They were compelled under the admitted contract to accept all the warehouse leaves delivered to them by the seller if they were "merchantable under the denomination affixed": Jennings v. Gratz, 3 Rawle (*168) 167. As COULTER, J., said in Fraley v. Bispham, 10 Pa. 320, 325: "The sale by bill of parcels, with which perhaps the sample corresponded, was of sweet-scented Kentucky leaf tobacco. It is not pretended that the article delivered was not tobacco, nor that it was anything else than Kentucky leaf tobacco......It was in specie Kentucky leaf tobacco, in kind the same as the article sold......And in such cases......there being neither express warranty nor imputed fraud, the risk falls on the buyer."

Defendants, in their affidavit, admitted liability for $1,496.56, the value of the two cars accepted, less $76.75,

freight charges paid on the car refused; and paid to plaintiff by stipulation $1,419.81, plus costs $14.75, which did not include interest on the amount admitted to be due, nor the item of freight charges claimed as a set-off. This was done with leave to plaintiff to proceed for the remainder of his claim, viz: the items not covered by the payment and the price of the tobacco refused.

Defendants, before suit, sent a check to plaintiff in payment for the tobacco accepted, containing the statement, "In full to date." This plaintiff refused because it was not "in full to date." The court below charged that this was a sufficient tender to free the defendants from liability for interest on the part admitted by the affidavit to be due. This was also assigned as error.

The annexing of a condition without right to an offer of payment will prevent it from being a valid tender: Forest Oil Co.'s App., 118 Pa. 138, 145. See also Pershing v. Feinberg, 203 Pa. 144. Whether the tender was sufficient would depend largely upon whether it was all that was due, and this, with the claim for freight, must await a retrial of the case.

The judgment is reversed and a venire facias de novo awarded.