# Keith *v.* Cliatt and Brother.

## *Practice.*

1. *It may be presumed from the recitals of a judgment entry that the parties were in court.*—Although the transcript contains neither summons, complaint nor plea, yet if the judgment entry recites that the parties came by attorneys; that issues joined were submitted to a jury; that they returned a verdict upon which a judgment was pronounced, it must be held that the parties were in court by proper service, or voluntary appearance; that a complaint containing a substantial cause of action was filed, and that issues were joined thereon.

2. *An amendment will not be presumed, because leave to amend was granted.* In the absence of anything of record to show that an amendment was made, it can not be presumed that it was made, from the mere fact that leave was given to amend.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. JOHN HENDERSON.
The facts are contained in the opinion.

TAUL BRADFORD, for appellant.

——— PARSONS, for appellees.

STONE, J.—The present record comes before us in a very imperfect state. There is neither summons, complaint or plea. Still, the judgment entry recites that the parties came by attorneys, that issues were joined which were submitted to a jury, that the jury returned a verdict, upon which the judgment of the court was pronounced. On this recital we are bound to presume that both parties were in court by proper service, or voluntary appearance, that a complaint containing a substantial cause of action was filed, and that issues were formed thereon. The record affirms all this, and the record imports absolute verity.—See *Deslonde v. Darrington,* 29 Ala. 92; 1 Brick. Dig. 782, §§ 133, 127.

The *supersedeas* bond also recites that such judgment was rendered.

The judgment entry recites that plaintiff had leave to amend his complaint; but we can not learn that such amendment was made, or if made, in what it consisted. The judgment rendered is in favor of H. J. and B. F. Cliatt;

.and the *supersedeas* bond is payable to them, and recites a judgment rendered in their favor.

Judgment of the Circuit Court affirmed.