# Pierce v. Tennessee Coal, Iron & Railroad Co.

### *Action for Breach of Contract.*

1.  *Contract with corporation; when  person signing  presumed to have
been authorized; effect of allegations of   complaint on   demurrer.*—Where
in an action against a corporation to recover damages  for the breach
of a contract, which, as set out in the   complaint,  was signed by the
plaintiff and another person, without designation of the latter's con-
nection. official or  otherwise, with the  defendant  corporation, the
complaint alleges that the contract sued on  was the   contract of the
defendant, duly entered into by it, a demurrer  to the   complaint on
the ground that the contract shows it was not entered  into  by defen-
dant, but by the persons whose names are signed to it, is without mer-
it and should be overruled, since the demurrer admits to be true the
allegations of the complaint as to the execution of said contract. and
it will be presumed that the defendant  authorized  the person sign-
ing the contract to execute the same for it, as it had a right to do.

2.  *Contracts; certainty  as to  time  of performance.*—A  contract, in
which one person contracts to pay another specified wages "while he
was disabled" by reason of  certain  injuries  received, is sufficiently
definite as to time of performance,  and if the latter's injuries result-
ed in permanent disability,  the  duration  of the  contract  is for his
life ; and the person so contracting to pay the specified wages is bound
to its performance, and liable for any breach thereof on his part.

APPEAL from the Circuit Court of  Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellant against the
appellee, to  recover damages for the breach of a certain
contract.   The substance of the contract sued upon, and
the material allegations of the complaint,  are sufficient-
ly stated in the   opinion.   The defendant  demurred to

the complaint, assigning several grounds, the substance of which are stated in the opinion. The court sustained the demurrers interposed to the complaint, and upon the plaintiff declining to plead further, rendered judgment for the defendant. From this judgment the plaintiff appeals, and assigns as error the sustaining of the defendant's demurrers interposed to the complaint.

W. A. GUNTER and R. C. REDUS, for appellant.

WALKER PERCY, *contra.*—1. It appears that said contract was a contract of monthly hiring, and not a contract for hiring for plaintiff's life, and there is no averment in the complaint to show that plaintiff was discharged at any other time than at the end of the month.—*Clark v. Ryan*, 95 Ala. 409 ; *Howard v. R. R. Co.*, 91 Ala. 268.

2. It appears from the said contract that the defendant was to pay plaintiff $65 per month, and in addition furnish plaintiff with fuel and supplies, not during the plaintiff's life time, but only so long as defendant retained plaintiff in its service, and the complaint does not show that defendant failed to pay plaintiff while it retained him in its service—*Howard v. R. R. Co.*, 91 Ala. 268.

3. In the contract sued upon, set out in the complaint *in haec verba*, with the signature attached, it does not appear that the said contract was the contract of the Tennessee Coal, Iron & Railroad Company, or, that it was bound thereby.—*Roney v. Winter*, 37 Ala. 278.

4. The contract sued upon was void for uncertainty, and therefore determinable at the will of either party.— *Howard v. R. R. Co.*, 91 Ala. 268.

HEAD, J.—The plaintiff (appellant) sues for damages for the breach of a certain contract alleged to have been entered into by him and the defendant on June 4, 1890. The contract is in writing and set out in the complaint. It recites, substantially, that plaintiff, being in the service of defendant, while engaged in the duties of such service, was seriously hurt by a trip of tram cars being operated by defendant in its mine, and that plaintiff claimed that said injury was received by him under such circumstances as rendered the defendant

liable to him for damages therefor, which claim the defendant denied; that in compromise and settlement of this dispute, the alleged contract was entered into. In this contract, it is recited that it had been previously agreed between the parties that defendant would furnish plaintiff such supplies from its commissary, at No. 2 prison, as plaintiff might choose to take, pay him regular wages *while he was disabled*, and give him his coal and wood for fuel at his dwelling and the benefit of the convict garden at No. 2; which agreement was carried out up to some time in May, 1889, at which time it was agreed that defendant should give plaintiff work such as he could do and pay him therefor the wages paid before the injury, to-wit, $60.00 per month, and in addition free house rent, which agreement was carried out up to the date of the written contract of June 4, 1890, when it was agreed that "it would be better to give me" (plaintiff) "the house rent than the supplies of about equal amount from the commissary." The contract then proceeds to stipulate, in substance, that in view of the above agreements, which have been faithfully carried out, the plaintiff's wages thereafter should be $65 per month, and, in addition, he should have, free of charge, his coal and wood necessary for his household use at his dwelling, and the same benefit from the garden as is had by others who are allowed the garden privilege; and plaintiff agreed and bound himself to release the said company from any and all liability for said injury, or from the effects of it, and that this contract shall be a full and satisfactory settlement of any and all claims which plaintiff might have against the company. The contract is signed by F. H. Pierce and G. B. McCormack, and attested by two witnesses. The complaint avers that the said injuries which plaintiff sustained rendered him *permanently disabled* in the use of his legs and hands. It avers readiness and willingness on plaintiff's part to perform the contract, and assigns as breach the discharge of plaintiff and total abandonment and refusal to perform it by the defendant. The complaint concludes with the following averment, in substance : that, by the breach aforesaid, defendant became liable to pay plaintiff the damages claimed, $50,000; and in consideration of the breach and liability to pay, the defendant, on, to-wit, the first day of February, 1891 promised the

plaintiff to pay him the said sum of $50,000, which promise defendant has failed and refused to perform, wherefore he sues to recover the said sum.

The defendant assigned several grounds of demurrer to the complaint which resolve themselves into two propositions: 1st. That the contract fixes no time of performance and was determinable at the will of either party. 2d. That the contract shows it was not entered into by the defendant, but by the plaintiff and G. B. McCormack.

Noticing first the second proposition, we simply remark that it is clearly without merit. The complaint avers that it was the contract of the defendant, duly entered into by it, and this averment the demurrer admits to be true. It was competent for the defendant to have McCormack to execute its written agreements, on its behalf, if it chose to do so ; and in view of the express admission of the demurrer that such was the course pursued in this instance, we think it must be so accepted.

As to the first proposition, our opinion is, without entering upon any discussion of the reasons which support it, that the contract is sufficiently definite as to time, and bound the defendant to its performance, so long as plaintiff *should be disabled* by reason of the injuries he received, which, under the averment that he was permanently disabled, will be for life. That contracts for the support or hire of one during his life are binding, and breaches thereof actionable, see *Trustees of Howard College v. Turner*, 71 Ala. 429, 434, and cases cited.

The court erred in sustaining the demurrer to the complaint, and the judgment must be reversed and the cause remanded.

Reversed and remanded.