# McCain Bros. *v.* Street.

## *Statutory Trial of the Right of Property.*

1. *Rulings upon motions; must be shown by bill of exceptions.*—The
rulings of the trial court upon motions made during the trial
of a cause, must be presented to the Supreme Court by bill
of exceptions; and unless so presented, such rulings will not
be considered on appeal.

2. *Claim suit; defect in writ of attachment can be raised only by
defendant.*—In a statutory claim suit, arising from the levy
of an attachment upon the property involved in the contro-
versy, a plea in abatement filed by the claimants, upon the
ground that the affidavit made by the plaintiff to secure the
issuance of the attachment was not signed by the plaintiff,
or his authorized agent, should, on motion, be stricken from
the file; since such plea could only be filed by the defend-
ant in attachment, (Code, § 563).

3. *Statutory claim suit; variance between bond and affidavit can
not be raised for first time on appeal.*—In a statutory claim
43c

suit, a variance between the attachment bond and affidavit, if a question which can be raised by the claimant, can not be raised for the first time on appeal to the Supreme Court.

4. *Trial and its incidents; objection to special finding of the court and judgment thereon must be presented by bill of exceptions.*—In the absence of a statute prescribing a different rule, a special finding of a trial court and the judgment rendered on such special finding, can not be reviewed on appeal unless presented by bill of exceptions.

APPEAL from the County Court of Clay.

Tried before the Hon. M. N. MANNING.

J. C. Street, the appellee, filed an affidavit with the clerk of the county court of Clay county, claiming a lien for advances and rent as landlord in the sum of $500 against the crop of one Hanner, his tenant. A writ was issued by the clerk reciting in substance the language of the affidavit, and that Street had given bond as required by law, and requiring the sheriff to levy on so much of the estate of said Hanner as would satisfy the claim, etc. This attachment was levied in part upon certain cotton found at a ginnery off of the rented lands. McCain Bros. filed affidavit and bond claiming the cotton so levied upon at said ginnery.

McCain Bros. moved to quash the affidavit, because, although attested by the clerk, it was not signed by the plaintiff, his agent or attorney. Pending this motion, the court permitted the plaintiff to file, and he did file, a new affidavit, fixing the amount of his lien at about one-half the amount stated in the original affidavit. The court then overruled the motion to quash and the claimant excepted. Claimants filed a plea in abatement also because said original affidavit was not signed by the plaintiff, his agent, or attorney. This plea was overruled and the claimant excepted. Upon the filing of the new affidavit, the clerk issued a new writ in conformity therewith, and directing the sheriff to levy the same upon the crops grown upon the rented land. The claimants objected to the filing of said amended writ for the reason that there was a variance between it and the original writ as to the

amount of the lien, and for the further reason that said amended writ was not attested by an officer as authorized by law. The court overruled these objections, and the claimants excepted.

There was judgment in favor of plaintiff, and claimants appeal.

W. S. SMITH and WATTS, TROY & CAFFEY, for appellant.—We are perfectly aware that the claimant cannot take advantage of any *irregularities* in the attachment proceedings; but it is equally well settled that he can take advantage of a *void* detachment, and that the plaintiff cannot recover upon a *void* attachment.—*Flash v. Paul,* 29 Ala. 141; *Matthews v. Saints,* 29 Ala. 136; *Brown v. Hurt,* 31 Ala. 146; *Nordlinger v. Gordon,* 72 Ala. 239; *Jackson v. Bain,* 74 Ala. 328; *Schamagel v. Whitehurst,* 103 Ala. 263.

The affidavit was manifestly insufficient.—*Ballard v. Stephens,* 92 Ala. 618; *Flexner v. Dickerson,* 65 Ala. 129; *Beard v. Wood,* 78 Ala. 317.

KNOX, BOWIE & DIXON and GARRISON & WHATLEY, *contra.*—Where the court makes a special finding of facts, no error could be assigned as to any of its rulings or finding without the same was reserved by bill of exceptions.—Code of 1896, § 3321.

The chief objection to the affidavit is that it was not signed. Our courts hold that this is not necessary in order to issue an attachment.—*Watts v. Womack,* 44 Ala. 605; *Hyde v. Adams,* 80 Ala. 111. Even if an irregularity, it can be amended.—Code of 1896, § 564, and cases above cited.

DOWDELL, J.—Rulings on motions made in the trial court, will not be considered an appeal, unless presented by bill of exceptions. This has been repeatedly decided by this court, and the rule is too well established to now admit of controversy. No bill of exceptions was reserved in this case.

There was no error in overruling the plea in abate-

bent filed by the claimants, from which any injury resulted to them. This plea might have properly been stricken from the file on motion. The plea could only be filed by the defendant in attachment.—§ 563, Code of 1896. The matter set up in abatement was not such as the claimants could take advantage of. Moreover, the record shows that an affidavit was made by the plaintiff before the issuance of the attachment, but was not subscribed to, and was afterwards amended, which was permissible.—§ 564, Code of 1896.

The question as to a variance between bond and affidavit, if one that the claimants could raise, cannot be raised for the first time after appeal to this court.—*Fears v. Thompson*, 82 Ala. 294.

The case was tried by the court without a jury. At the request of the claimants, there was a special finding by the court on the facts. Whether this was proper and authorized under the special act creating the county court of Clay,—Local Acts 1898-9, pp. 176-182—which provides the rules of practice as to trials by jury or by the court, we need not decide. In the absence of a statute prescribing a different rule, the special finding of the court, and the judgment rendered on such special finding, cannot be reviewed on appeal, unless presented by bill of exceptions. There is no provision in the special act creating the county court of Clay, which prescribes a different rule from that above stated. There is no bill of exceptions in the record, and the judgment, therefore, cannot be reviewed.

Affirmed.