# Witherington *v.* Gainer.

*Trial of Right of Property.*

(Decided Feb. 14th, 1907.  43 So. Rep. 117.)

*Attachment; Claim Suit; Amendment of Affidavit.*—Where an affidavit in a claim suit states that the property attached is not the property of the attachment debtor, but is the property of the claimant, without stating the nature of the right or claim set up, such an affidavit is sufficient to give the court

jurisdiction of the claim suit and to authorize an amendment setting forth the nature of the right or claim of claimant to the property.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action of attachment by Charles Gainer against James Murray; J. E. Witherington, claimant. From the judgment, said claimant appeals. Reversed.

Charles Gainer had issued and levied an attachment upon the crops of James Murray to enforce a landlord.'s lien. There were two suits, and J. E. Witherington filed a claim bond and affidavit, setting out that the property levied upon in the attachment writ was the property of said Witherington. Both cases were tried together by agreement. The evidence tended to show that the claimant had no title to the property, but had a lien on the same for rent and advances. This evidence was excluded, and no exception was reserved to it. The claimant then made an offer to file an affidavit in each case, stating how and by virtue of what lien he claimed the property levied on under attachment, and offered these new affidavits as amendments to the original affidavit filed in the cause. The court declined to permit the amended affidavit to be filed, and to this action of the court the claimant excepted. This is the only point presented.

STALLWORTH & BURNETT, and JAMES A. STALL-WORTH, for appellant.—The court erred in refusing the motion of claimant to amend his affidavit.—*Martin v. Meyer Bros.*, 112 Ala. 620; *Cade v. Floyd*, 120 Ala. 484; *Rhodes, et al. v. Smith*, 66 Ala. 177.

HAMILTON & CRUMPTON, and D. M. POWELL, for appellee.—The affidavit must state how claimant claimed, whether by title or lien.—Sec. 4145. Code 1896; *Ivey v. Coston*, 134 Ala. 259; *Bennett v. McKee*, 144 Ala. 601. In the absence of a statute authorizing it the court has no power to allow the amendment of an affidavit for attachment.—*Flexner v. Dickerson*, 65 Ala. 132; *Hall*

*v. Brasselton,* 40 Ala. 406; *Sims v. Jacobson,* 51 Ala. 186.

HARALSON, J.—The amendment of section 4145 of the Code of 1896 provides, that "when the claim interposed is based on a mortgage or lien, the claimant must state in his affidavit, the nature of the right which he claims," etc.—Acts 1900-01, p. 106.

The claims filed in these cases, filed by the claimant, do not state the nature of the right which he sets up, but state, that the property upon which the atachment was levied is not the property of the defendant in attachment, but is the property of the affiant (claimant), and that he has a just claim thereto.

At the time of the trial, and after it had been entered upon the claimant sought to cure any defect in his claim in each of the cases, by making new affidavits, by way of amendments of his affidavits to claims, conforming them to the statute and moved the court to allow them, which motion the court overruled and claimant excepted. The appeal is to reverse these rulings.

The original affidavits were sufficient to give the court jurisdiction of the claim suits. The amendment of the affidavits to the claims in these cases, sought to set forth the nature of the plaintiff's claims to the property, and we feel constrained to hold, that they were admissible for this purpose, and to meet the evidence in the case. The amended affidavits should have been allowed, and the court erred in refusing to allow them to be made.—*Cade v. Floyd,* 120 Ala. 484, 492, 24 South. 944; *Rhodes v. Smith,* 66 Ala. 177, 178.

Reversed and remanded.

TYYSON, C. J., and SIMPSON and DENSON, JJ., concur.