# Dickerson *v.* Schwabacher.

*Malicious Abuse of Process.*

(Decided May 16, 1912. 58 South. 986.)

1. *Malicious Prosecution; Grounds.*—The process must have been wrongful and obtained with malice and without probable cause to support an action for malicious prosecution.

2. *Process; Abuse; Cause of Action.*—Abuse of process implies the malicious and wrongful use of process which is regular and rightful in its issuance; the malicious perversion of a regularly issued process to accomplish some purpose, whereby a result not lawful, nor properly obtainable under it is secured.

3. *Same; Action; Pleading.*—A complaint alleging that upon an affidavit and bond made by defendant, he had issued a writ of garnishment and levied upon plaintiff's money or account in a bank, that such writ was sued out wrongfully and levied maliciously, whereby the bank paid out some of plaintiff's money, and his credit was injured, and he was caused inconvenience and mental anxiety, but which does not affirmatively show that the debt was not justly due, or that the cause alleged for issuance of the writ was not true, and was not such a cause as authorized a cause of garnishment,

does not sufficiently state a cause of action for malicious abuse of legal process.

4. *Appeal and Error; Presumption; Review.*—Where the minute entry shows the presence of the parties in court by attorney, it will be presumed on appeal, in the absence of a contrary showing, that plaintiff declined to amend his complaint when demurrers were sustained thereto.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Thomas Dickerson against U. Schwabacher for malicious abuse of process. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint is as follows: "Plaintiff claims of defendant the sum of $10,000 as damages, and as his cause of action alleges that the defendant, upon his affidavit and his bond, had issued from the justice court of E. H. Lopez a writ of garnishment against this defendant, and levied upon the Bessemer National Bank of Bessemer, Ala., on, to wit, the 8th day of June, 1910, and placed in the hands of J. L. Mattingly, constable of precinct 32 of Jefferson county, Ala., and which was levied upon the plaintiff's money or account of said Bessemer National Bank of Bessemer, Ala., which said money or account was the property of the plaintiff; and the plaintiff avers that the defendant sued out said writ of garnishment, and willfully, wrongfully, knowingly, and maliciously caused same to be levied upon the property or money of the plaintiff kept in possession of or on deposit with the said Bessemer National Bank, and did cause the said Bessemer National Bank to refuse to honor his checks issued against the said account or deposit with the said Bessemer National Bank, caused the said bank to take from his account or deposit and pay over to the said justice, E. H. Lopez, the sum of $8.50, and willfully, knowingly, wrongfully, and maliciously collected from said justice of the peace the sum of $6

without having any judgment rendered against the plaintiff, or service as required by law served upon the plaintiff, who was described in the process and summons as Tom Dickerson, defendant, willfully, knowingly, and wrongfully and maliciously collecting said sum from said justice on the said garnishment aforesaid without service or process of any kind or character, thereby, and owing to said writ of garnishment, willfully, knowingly, wrongfully, and maliciously caused the credit of the plaintiff to be injured, caused him mental anxiety, inconvenience, chagrin, humiliation, and worry, and deprived him of the sum of $8.50 of his money or property." The demurrers were that the averments were inconclusive, the complaint multifarious, it states no cause of action, it does not sufficiently set out the affidavit and bond, and, for aught that appears, it seeks to make this defendant liable for the acts of another over whom he had no control, and because the complaint fails to set forth or allege facts showing wherein the defendant acted wrongfully or maliciously.

The second count is as follows "Plaintiff claims of defendant the further sum of $10,000 as damages, and avers that defendant, upon his affidavit, and upon his executing a bond, procured and had issued from the justice court of E. H. Lopez, in precinct 33 of Jefferson county, Ala., a writ of garnishment, which was directed against the Bessemer National Bank as garnishee in said suit, and which issued on, to wit, June 8, 1910, and which was placed in the hands of the constable of said precinct 33, and said writ of garnishment served and executed upon the said Bessemer National Bank, of the city of Bessemer, Ala., by the said constable; and plaintiff avers that at said date, and at the time of the executing of said writ of garnishment, plaintiff had on deposit with said bank money or property, and said bank

[Dickerson v. Schwabacher.]

was indebted to the plaintiff on open account. And plaintiff avers that defendant procured and had paid to him the sum of $6 in money from the said Bessemer National Bank, through said justice court, without having summoned; served, or executed upon the plaintiff, and without having necessary judgment rendered and directed against the said Bessemer National Bank and this plaintiff, as required by law. And plaintiff avers that the defendant collected and had paid to him the plaintiff's money from said bank aforesaid, and through said justice court aforesaid, willfully, knowingly, wrongfully, without service or execution of summons upon the plaintiff, and without and in the absence of a judgment of condemnation against the said garnishee, and without judgment against this plaintiff for any sum; and the plaintiff avers defendant used and had issued the said process of garnishment writ willfully, knowingly, and wrongfully, for the purpose of collecting and taking from this plaintiff his money or property, and to the damage of plaintiff in this: He was deprived of $8.50 of the money he had on deposit, or was owing by him, by the said Bessemer National Bank. He was greatly humiliated and chagrined by having his money taken in this way. His checks against his account at said bank were refused and not paid, and on account of said garnishment he was denied and deprived of his day in court, his credit was damaged and injured, and he was worried, vexed, and inconvenienced." The same demurrers were refiled to count 2 as to count 1.

PINKNEY SCOTT, for appellant. The complaint sufficiently stated a case of malicious abuse of prosecution. —Secs. 4317, 4323, 4695, Code 1907; *Gaines v. Bierne,* 3 Ala. 114; *Brown v. Masters,* 104 Ala. 451; 10 L. R. A. 621; 14 L. R. A. 329; *Oates v. Bullock,* 136 Ala. 537.

[Dickerson v. Schwabacher.]

GOODWIN & ROSS, for appellee. The courts properly sustain the demurrers as the complaint failed to allege that the issuance was wrongful and malicious.—*City Nat. Bank v. Jeffries,* 73 Ala. 183; *Brown v. Masters,* 104 Ala. 451. It showed an attempt to hold defendant liable for acts of another over whom he had no control. —*Chambless v. Blaugh,* 127 Ala. 86; *Oates v. Bullock,* 136 Ala. 537. The complaint was also demurrable for multifariousness.—*H. A. & B. R. R. Co. v. Dusenberry,* 10 South. 274. Unless the record expressly negatives the fact, it will be presumed that plaintiff declined to amend its complaint.—*Hood v. Blair,* 10 South. 671.

SIMPSON, J.—This action is by the appellant against the appellee on the two counts of the complaint, set out by the reporter in the statement of the case. The court sustained demurrers to both counts. Appellant's brief claims that both counts are for malicious abuse of process, and, in order to a proper understanding of the case, it seems advisable to define the actions of malicious prosecution, and abuse of process, noting the distinguishing marks of each.

One essential difference between the actions is that malicious prosecution refers to malice and wrong in the issuance of the process, while abuse of the process refers to the malicious and wrongful use of process which is regular and rightful in its issuance. This court has drawn the distinction that "in the action of malicious prosecution against a plaintiff in attachment the attachment must be wrongful, and must have been sued out with malice, and without probable cause. If not wrongful—i. e., if the facts justify and authorize its issuance, if a statutory ground exists—no recovery can be had, though the defendant was actuated purely by malice in suing out the writ. If wrongful, but not malicious, no

recovery can be had.  If wrongful and malicious, but with probable cause, the action will fail.  And if wrongful and without probable cause, and also without malice, no action can be maintained."—*Brown v. Master,* 104 Ala. 451, 463, 16 South. 443, 447.  In the same opinion, referring to the second count, which was for the malicious, etc., abuse of process, this court said:  "But entering as she did under a valid writ, the defendant was not a trespasser, but nevertheless liable for wrongs which, as charged, she maliciously committed, or procured to be committed upon the plaintiff's close and the plaintiff's personal property stored therein, in an action on the case."—104 Ala. 462, 16 South. 446.  Judge Cooley says that:  "If process, either civil or criminal, is willfully made use of for a purpose not justified by law, this is abuse for which an action will lie.  The following are illustrations:  Entering up judgment and suing out execution after the demand is satisfied; suing out attachment for an amount greatly in excess of the debt; causing an arrest for more than is due; levying an execution for an excessive amount; causing an arrest when the party cannot procure bail, and keeping him imprisoned until, by stress thereof, he is compelled to surrender property to which the other is not entitled." Also he states:  "By making use of it to accomplish, not the ostensible purpose for which it is taken out, but some other purpose for which it is an illegitimate and unlawful means."—Cooley on Torts, pp. 189-90.  It is "the malicious perversion of a regularly issued process to accomplish some purpose whereby a result not lawfully nor properly attainable under it is secured," as garnishing exempt wages, in order to "coerce the debtor into payment, out of his exemptions, to avoid discharge by his annoyed employer."—*Nix v. Goodhill,* 95 Iowa, 282, 63 N. W. 701, 58 Am. St. Rep. 434; *Kline v. Hib-*

*bard,* 80 Hun, 50, 54, 29 N. Y. Supp. 807. "A malicious abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured."—*Bartlett v. Christhilf,* 69 Md. 219, 229, 14 Atl. 518, 521.

The complaint in this case is not for malicious prosecution, nor does it sufficiently state a cause of action for the malicious abuse of legal process. According to the allegations of the complaint, it was simply the garnishment of a party supposed to be indebted to the defendant for a debt of $8.50. For aught that appears in the complaint, the debt was justly due, the cause alleged for the issuance of the garnishment was true, and such a cause as authorized the garnishment. The writ was used, not for any ulterior and unlawful purpose, but simply to collect the debt for which the writ of garnishment was properly issued. If the justice of the peace rendered judgment against the garnishee, without first having rendered judgment against the defendant, that was an error of the court, which could have been corrected by proper legal proceedings. The mere receiving of the money which the court adjudged him entitled to could not amount to such abuse of legal process as to be actionable. If such were the law, whenever one sues in a court of law, and the court improperly gives judgment in his favor, and he receives the money paid over to him by the court, or under the orders of the court, he would be guilty of the malicious abuse of legal process. The case of *Oates v. Bullock,* 136 Ala. 537, 33 South. 835, 96 South. 835, 96 Am. St. Rep. 38, which was an action for false imprisonment by causing an arrest to be made on a void warrant, has no application to this case.

If the defendant, after the sustaining of the demurrers to the complaint, had desired to amend it, he should have made that fact known to the court. The minute entry shows that the parties were present in court by an attorney, and, in the absence of any showing to the contrary, it must be presumed that the defendant declined to amend, and the court properly rendered final judgment.—*Buford v. Ward, Adm'r*, 108 Ala. 308, 314, 19 South. 357; *Mohon v. Tatum*, 69 Ala. 467, 470.

The judgment of the court is affirmed.

Affirmed. All the Justices concur.