(82 South. 103)

DANTZLER v. SCHEUER. (3 Div. 384.)

(Supreme Court of Alabama. May 22, 1919.)

1. BANKRUPTCY ⊜434 — DISCHARGE — NEW PROMISE TO PAY.

After a debtor has been adjudged a bankrupt, by a new promise to pay the original debt, clear, distinct, and unequivocal, he may become liable therefor in an action at law.

2. BANKRUPTCY ⊜434 — NEW PROMISE TO PAY ON CONDITION—PLEADING AND PROOF.

If a bankrupt's new promise to pay a debt is conditional, the happening of the contingency must be stated by the pleader in an action to enforce the promise, and such happening of the contingency must be proved.

3. BANKRUPTCY ⊜434 — PROMISE TO PAY NOTES—VALIDITY OF CONDITION.

A bankrupt could validly promise to pay his notes at maturity if he was able to do so, and, if not able, to pay them when he could do so; the time being extended until then.

4. PLEADING ⊜109 — NATURE OF PLEA, ABATEMENT, OR BAR.

In an action against a bankrupt on his notes, his plea that he had promised after bankruptcy to pay the notes at maturity if he was able to do so, and, if not, that he would do so when he could, etc., though indicating in some of its language that it was in bar of the action, *held* in effect a plea in abatement setting up the immaturity of the notes because of defendant's inability to pay as yet.

5. BANKRUPTCY ⊜434—BANKRUPT'S PROMISE TO PAY—DUTY TO RENEW OR OFFER RENEWAL.

Where the maker of notes after his bankruptcy promised to pay them at maturity if he could, and, if he could not, to do so when he could, there was no affirmative duty on him to renew, or offer to renew, the notes as they fell due.

Appeal from Circuit Court, Autauga County; Leon McCord, Judge.

Suit by Harry Scheuer against S. D. Dantzler. From judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Suit by appellee against appellant, claiming the sum of $137.17, due by five promissory notes made by defendant (appellant) on March 21, 1916, payable as follows: October 25, 1916, $27.84; December 25, 1916, $27.84; March 25, 1917, $27.83; May 25, 1917, $27.83; and August 25, 1917, $27.83, with an additional sum as an attorney's fee.

The defendant interposed the following plea:

"That the defendant was, prior to March, 1916, indebted to the plaintiff, but after such indebtedness accrued and while existing the defendant was duly declared a bankrupt in the District Court of the United States sitting at Montgomery, of all, of which the plaintiff had due notice; that afterwards such proceedings were had in said bankruptcy case; that the defendant was duly discharged in bankruptcy from all of his said debts, including the said debt of plaintiff, which discharge the plaintiff now pleads in bar of the said debt, and avers that he is not indebted to said plaintiff in any sum whatever.

"Defendant admits, however, that after the said discharge he did execute and deliver to the said plaintiff the said notes sued on in this case, which are supported only by the consideration of the said original debt of the defendant to the plaintiff; but defendant avers that contemporaneously with the execution and delivery of said notes, and as a part of the transaction, the plaintiff agreed in writing with the defendant as follows: 'Montgomery, Alabama, March 24, 1916. Mr. S. D. Dantzler, Autaugaville, Ala.—Dear Sir: We agree, that in the event you cannot meet your notes payable in December 24, 1916, February 24, 1917, April 24, 1917, July 24, 1917, and November 24, 1917, on their maturity, we will assist you by extending them for you. We understand also that if you can do so you will pay these notes as soon as possible even before maturity.' Which said writing was delivered to the defendant contemporaneously with the delivery of said notes by him to the plaintiff, and formed a part and condition of said delivery.

"And defendant avers that he has been unable, and is unable from misfortunes which have occurred since the giving of said notes, to pay said debt, and he insists upon his right to have the same extended until he is able to pay same, which he is wholly unable to do at this time, and he pleads that the said promise to pay the said debts evidenced by said notes sued on are qualified by said writing and contemporaneous agreement of said plaintiff, and that the said promises to pay said debt did not amount to a 'clear, distinct, and unequivocal recognition and renewal of the debt as a binding obligation,' and therefore he pleads on these facts that his discharge is effective against the said debt sued on, and he is not indebted to the said defendant, and that said debts constitute no binding obligations against him."

To this plea the plaintiff (appellee) filed demurrer assigning the following grounds: (1) Said plea fails to aver that defendant offered to renew notes sued on when same fell due; (2) said plea fails to aver that defendant made any attempt to renew said notes when same fell due.

The court sustained this demurrer to said plea, and, defendant refusing to plead further, judgment was entered for the plaintiff, and defendant prosecutes this appeal.

W. A. Gunter, of Montgomery, for appellant.

P. E. Alexander, of Prattville, for appellee.

GARDNER, J. The action of the court in sustaining the demurrer to the defendant's plea constitutes the only question presented upon this appeal.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] It is settled law that after the debtor has been adjudged a bankrupt, he may, by a new promise to pay the original debt, if clear, distinct, and unequivocal, become liable therefor in an action at law. "Such a promise may be either absolute, or it may be conditional. But, if dependent on a condition or contingency, this fact must be stated by the pleader; and it must be averred and proved that the condition has been performed, or the contingency has happened. A promise to pay so soon as the bankrupt is able is a valid condition, not void for uncertainty, and is so held generally by the authorities. But, to be available, the promise must be averred in the proper form, and satisfactory proof adduced of the defendant's ability to pay; that is, the fact that he has sufficient property or means to pay." Torry v. Krauss, 149 Ala. 200, 43 South. 184.

[3, 4] It is shown by the plea that contemporaneously with the execution and delivery of the notes, and as a part of the same transaction, it was agreed by the plaintiff—by the writing, which is set out in said plea—that, in the event the defendant could not meet the notes as they fell due, the same would be extended, and that this written agreement was delivered to the defendant at the same time the notes were delivered by the plaintiff, and formed a part and condition of said delivery.

Construing the notes and this written agreement together, as under these facts should be done, it was clearly meant that the defendant would pay these notes at maturity, provided he was able to do so; and, if not so able, that their time of payment would be extended until such time as he could be in position to meet the same. As disclosed by the above authority, this was a valid condition. While some of the language of the plea would indicate that it was a plea in bar of action, yet in substance and effect it was in reality but a plea in abatement, acknowledging the execution of the notes, but setting up that they are not now due because they were dependent upon a condition—the ability of the defendant to pay the same—which condition has not yet been met.

[5] The two assignments of demurrer place the duty upon the defendant to renew, or offer to renew, the notes as they respectively fall due. But we are of the opinion that this is a misconstruction of the contract entered into between the parties, and that the court below committed reversible error in sustaining the demurrer to such plea.

It results that the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.