(98 South. 4)

**BROWNE v. PECK & PIRTLE. (8 Div. 587.)**

(Supreme Court of Alabama. Nov. 15, 1923.)

Pleading ⬅248(17)—Amendment held not to state new cause of action.

In a suit to enforce a mechanic's lien, the original affidavit alleging a certain sum due plaintiffs for material and labor furnished by them in repair of defendant's automobile, an amendment to show that part of the amount claimed was for work done by a partnership, who had assigned their claim to plaintiffs who had then completed the job, did not state a new cause of action, under Code 1907, § 5367.

Appeal from Morgan County Court; W. L. Lowe, Judge.

Action by A. M. Peck and E. P. Pirtle, doing business as Peck & Pirtle, against J. F. Browne and Shed Pruitt. From a judgment for plaintiffs, defendant Browne appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Tennis Tidwell, of Albany, for appellant.

The amended affidavit presented a new cause of action and should not have been allowed. Sorsby v. Woodlawn Lbr. Co., 202 Ala. 566, 81 South. 68; Seibs v. Engelhardt, 78 Ala. 508.

E. W. Godbey, of Decatur, for appellees.

An amendment to an affidavit is always admissible to set forth the nature of the plaintiff's claim. McCain v. Street, 136 Ala. 625, 33 South. 872; Witherington v. Gainer, 149 Ala. 655, 43 South. 117; Lytle v. Bank, 121 Ala. 216, 26 South. 6; Brown v. Loeb, 177 Ala. 106, 58 South. 330; Johnson v. Staenglen, 85 Fed. 603, 29 C. C. A. 369.

GARDNER, J. Suit by appellees against appellant and another for the enforcement of a mechanic's lien on a certain automobile described in the pleadings. Section 4785 et seq., Code 1907.

The original bill of complaint and affidavits upon which the attachment issued alleged that the sum of $63.90 was due for material furnished and labor performed by the plaintiffs in the manufacture and repair of said automobile. Subsequently the trial court, over the objection of the defendants, permitted the plaintiffs to amend the affidavit so as to show that $24 of the amount embraced in the original claim of $63.90 was for work done by a partnership known as Finley & Nelson, who were mechanics, and who as such mechanics contributed their labor and material in the repair of the car for the defendants; that said Finley & Nelson undertook the job of repairing the automobile, and before completing the same turned it over to plaintiffs for completion, and assigned in writing their account and claim for such work to the plaintiffs, who completed the job. The original complaint was amended to like effect.

It is insisted by counsel for appellant that the amended affidavit disclosed a new cause of action, particularly so far as concerned the $24 due for labor performed by Finley & Nelson, and that the amended affidavit was improperly allowed.

This is the important question presented upon this appeal, upon which all others seem to rest. We are of the opinion that the amendment did not state a new cause of action, but was merely descriptive of the original suit, made in order to avoid any question of variance. The full amount of $63.90 was due the plaintiff, but of this sum $24 was for labor performed by Finley & Nelson, whose business was purchased and taken over by the plaintiffs; this account being duly transferred in writing. The amended affidavit related therefore to the same subject-matter between the same parties, and therefore related back to the commencement of the suit. We think the amendment was properly allowed under the following, among other, authorities: Witherington v. Gainer, 149 Ala. 655, 43 South. 117; Webb v. McPherson, 142 Ala. 540, 38 South. 1009; McCain v. Street, 136 Ala. 625, 33 South. 872; Brown v. Loeb, 177 Ala. 106, 58 South. 330; Johnson v. Staenglen, 85 Fed. 603, 29 C. C. A. 369; sections 5366, 5367, Code 1907.

The case of Sorsby v. Woodlawn Lbr. Co., 202 Ala. 566, 81 South. 68, cited by counsel for appellant, is not analogous to the instant case, and in no manner militates against the conclusion here reached.

We have not overlooked the insistence of counsel for appellees that the question here sought to be reviewed was not properly presented in the court below; but we have pretermitted a consideration of all preliminary questions, preferring to rest the decision upon the merits of the cause.

Finding no reversible error, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.