MAMIE HUNDLEY v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 24 January, 1934.)

**Insurance R c: M e—Where liability under policy begins six months after proof of disability action instituted prior thereto is premature.**

Where an insurance policy provides for payments to insured according to the stipulations in the policy six months after receipt of due proof of insured's disability as defined by the policy, a suit on the policy brought prior to the expiration of six months after the furnishing of due proof is premature and should be dismissed, and this result is not affected by insurer's denial of liability on the ground that insured had not become totally and permanently disabled during the life of the policy.

CIVIL ACTION, before *Moore, Special Judge,* at May Special Term, 1933, of ROCKINGHAM.

On 1 January, 1920, the Metropolitan Life Insurance Company issued a group one-year renewable term policy of insurance No. 726-G on the lives of employees of the Riverside and Dan River Cotton Mills, of Danville, Virginia. Sam H. Hundley, husband of the plaintiff, had been an employee of said mills for sometime and a serial certificate No. 6719 was issued to him as such employee. Mrs. Mamie Hundley, the plaintiff, was named beneficiary in the certificate. The master policy was renewed from time to time until its cancellation on 31 August, 1930. Sam H. Hundley died on 24 May, 1931, and on 20 October, 1931, the plaintiff filed with the insurance company an affidavit reciting the death of said Sam H. Hundley, and that "for some years prior to 31 August, 1930, the said Sam H. Hundley had been in bad health and was only able to work intermittently, and that on or about 25 August, 1930, the said Sam H. Hundley had a severe attack and was unable to report for work two days during the week of 25 August, 1930, and that the said Sam H. Hundley became permanently disabled while in the employ of the Riverside and Dan River Cotton Mills before reaching the age of sixty. That . . . he was permanently disabled to work and that he was thereby on or about 25 August, 1930, permanently, continuously and wholly prevented from pursuing any and all gainful occupation by reason of his then disabled condition," etc. The defendant admitted that it had received this notice.

It was alleged in the complaint that the certificate held by the deceased was for the sum of $1,500, and the plaintiff asked to recover said sum with interest from 24 May, 1931.

The defendant admitted the issuance of the group policy and its renewal from time to time until the cancellation on 31 August, 1930, and also that the deceased employee held the serial certificate referred to.

It denied that the employee had ever been permanently and totally disabled during the life of the policy.

When the case was called for trial in the Superior Court the defendant demurred *ore tenus* upon the ground that the complaint failed to state a cause of action. The trial judge withheld the ruling upon the demurrer and the trial proceeded. The policies of insurance were offered in evidence and there was abundant testimony tending to show that the employee became totally and permanently disabled prior to the cancellation of the group policy, and was continuously disabled until the time of his death on 24 May, 1931.

At the conclusion of plaintiff's evidence the trial judge sustained a motion of nonsuit, and also the demurrer *ore tenus*.

From judgment so pronounced, the plaintiff appealed.

*P. T. Stiers for plaintiff.*
*Smith, Wharton & Hudgins for defendant.*

BROGDEN, J. The serial certificate issued to Sam H. Hundley by the defendant contained the following provision: "Any employee insured under this plan, who shall become wholly and permanently disabled while in our employ, before reaching the age of sixty, either by accident, injury or disease, and is thereby permanently, continuously and wholly prevented from pursuing any and all gainful occupation, will be regarded as a claimant by the Metropolitan Life Insurance Company. Six months after the receipt of due proof of such disability, the insurance company will begin making payments of the amount of insurance under any one of the following plans at the option of the person insured," etc.

An analysis of the foregoing clause in the policy discloses that in order to recover, the plaintiff must offer competent evidence tending to show: (a) permanent disability as defined before age sixty; (b) due proof of such "disablement"; (c) that six months have elapsed since furnishing such proof, and that there has been a failure to pay. The record discloses that summons was issued on 3 November, 1931. The wording of the contract clearly specifies that the company shall not begin to make payments until six months after the receipt of the proof. Obviously, payment could not be enforced before the lapse of six months, and hence it follows that the action was prematurely brought. It is not deemed relevant to discuss the meaning of the six months' clause or for what reason it was inserted in the contract. It is there in plain English. Nor is the fact that the defendant denied liability material for the reason that the parties had contracted to postpone payments until six months after the receipt of proof.

Affirmed.