168 So. 209

## BOX v. METROPOLITAN LIFE INS. CO.

### 7 Div. 59.

Court of Appeals of Alabama.
June 5, 1934.

Rehearing Denied Oct. 2, 1934.

Reversed on Mandate Jan. 22, 1935.

Rehearing Denied Feb. 26, 1935.

Affirmed after Mandate Nov. 5, 1935.

Rehearing Denied Jan. 14, 1936.

22

24

Chas. F. Douglass, of Anniston, for appellant.

his complaint. Other demurrers were filed, and on September 7, it was adjudged by the court: "This cause being submitted to the court upon the defendant's demurrers to the complaint, and after being argued by counsel and understood by the court, it is ordered and adjudged by the court that said demurrers be and the same are hereby sustained."

The record is silent as to whether the complaint was thereafter amended or another complaint substituted, and hence it would seem no litigable question remained before the court for decision. Western Union Tel. Co. v. Heathcoat, 149 Ala. 623, 629, 43 So. 117; McMahen v. Western Union Tel. Co., 209 Ala. 319, 96 So. 265.

The parties being present in court by attorneys, in the absence of any showing to the contrary, it must be presumed appellant declined to amend. Dickerson v. Schwabacher, 177 Ala. 371, 378, 58 So. 986. Even when leave to amend is given, this court could not know an amendment was made, or, if made, in what it consisted. Keith v. Cliatt, 59 Ala. 408. In Masterson v. Matthews, 60 Ala. 260, no amendment of the complaint was shown in the record, but the record did affirm that following the sustaining of demurrers to the entire complaint, other demurrers were later overruled to certain counts of the complaint, and hence the Supreme Court could, and did, presume an amendment of the complaint. In the instant case the record shows nothing upon which to predicate such a presumption.

The record, however, shows that four days later, September 11, the demurrers theretofore sustained were withdrawn and appellee permitted to plead in abatement; appellant moved to strike the plea, which, being overruled, he then demurred, and the demurrer being overruled, he then filed thirteen replications, and demurrers were sustained to all, except number ten, of the replications; testimony was taken; a jury verdict had in favor of the appellee, followed by judgment sustaining the plea in abatement, and from that judgment this appeal is prosecuted.

When appellant's complaint was demurred out of court and not amended, this case was at an end, and appellant's remedy was to suffer a nonsuit and appeal, as authorized by Code, § 6431. It is possible that the parties and the trial court treated the previous rulings on the demurrers as nonexistent, and the case still pending;

Chas. D. Kline, of Anniston, and Cabaniss & Johnston, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

Appellant sued upon an insurance certificate issued under a group policy. Appellee demurred, and plaintiff amended

but the record is as above, and shows that following the sustaining of the demurrers to the complaint, nothing remained in the lower court for decision, and hence this appeal must be dismissed.

Appeal dismissed.

### After Remandment.

This court has never expressed, nor entertained, the opinion (attributed to it by the Supreme Court, on certiorari) "that when the demurrer to the complaint was sustained the case was at an end and that nothing remained in the court." Our former opinion recognized as authoritative a previous pronouncement of the Supreme Court that when, as here, the record showed a judgment sustaining demurrers to a pleading and was silent as to any amendment or offer to amend, it would be presumed a party "declined to amend, and the court properly rendered final judgment." Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986, 988.

The Supreme Court, instead of presuming, as formerly, a declination to amend, now declares, "When, without formally setting aside such judgment, it permitted defendant to withdraw the demurrer and to plead in abatement, the effect, concurred in by the parties and the court, was that the judgment on the demurrer was vacated, though not so expressed," and hence we have now not a presumed declination, but a vacation unexpressed of a judgment.

Treating, as we must, the judgment on demurrer as vacated, and consequently the complaint as still before the trial court, it consists of three counts, each of which declares upon a certificate under a group policy promising, in certain contingencies, certain payments, and saying, among other things: "Six months after receipt of due proof of such disablement, the insurance company will begin making payments." Suit was filed within the six months' period. The first count alleged defendant refused adjustment "denying liability on said certificate and policy," and, also, "plaintiff avers that defendant has waived and lost the privilege of delaying the beginning of payments for a period of six months from the date of the receipt of proof of disability" through the denial of liability. The second and third counts also relied upon a denial of liability.

Defendant filed a plea in abatement setting out the above-referred to clause of the policy, averring suit was premature, and by amendment added: "It has not denied liability on said certificate and policy sued on before the said suit." The plaintiff's motion to strike was overruled. The allowance of the plea after demurrer withdrawn and judgment thereon vacated was within the trial court's discretion. Ex parte Haisten, 227 Ala. 183, 149 So. 213. Nor was the plea due to be stricken for any statutory cause. Code 1923, § 9458. The plaintiff then demurred to the plea. Years ago our Supreme Court declared: "There is no necessity to plead in abatement, that the action was commenced before the cause of action arose, such a defence may be made under the general issue. This is the doctrine as laid down in all of the text books, and books of pleading." Rainey v. Long, 9 Ala. 754. But a more recent opinion, Dantzler v. Scheuer, 203 Ala. 89, 82 So. 103, indicates that the prematurity may be pleaded in abatement.

It is apparent that the basic and fundamental question involved in this appeal is, May an insurer, after denying liability, none the less insist upon a delay in being sued? May it deny any obligation to ever pay and at the same time avail itself of a stipulated delay for beginning to pay that which it now denies all obligation to ever pay? The authorities declare that an unequivocal refusal operates as a waiver and enables the insured to sue immediately, notwithstanding the policy may contain a clause similar to that here. 26 Corpus Juris 471, § 667; 33 Corpus Juris 75, § 782; 37 Corpus Juris 597; 2 Couch Insurance, § 454.

The view obtains here that appellant's demurrers to the plea should have been sustained. This renders unnecessary any consideration of the replications to the plea.

Reversed and remanded.

### On Rehearing.

On certiorari to the Supreme Court, that court declared that the appellee's plea in abatement was not subject to demurrer on the grounds assigned.

The record informs us that the appellant filed replications 1 to 13, inclusive, to the plea in abatement as amended. (The plea in abatement as amended, as it appears on pages 6 to 10 of the transcript, and the replications will be set out in the report of this case.)

Each replication was demurred to on six grounds, which the reporter will set out.

The demurrer to replication 10 was overruled, and the demurrer to all the other replications was sustained.

The opinion here prevails that the court below did not err in sustaining the demurrer to replications 1 to 9, and 11 to 13, inclusive.

The contract of insurance obligated the insurance company to make the payments called for in the contract to an employee who became wholly and permanently disabled before reaching the age of 60; the payments to begin six months after the receipt of due proof of such disablement. Under the express language of the contract, the first payment was not due until the expiration of six months after the receipt of due proof of such disablement.

■ A contract of the kind sued on is to be distinguished from a contract where the amount called for in the contract is due immediately upon receipt of proof. In the contract sued on the obligation is not due until the expiration of six months after the receipt of proof. The denial of liability by the insurer does not have the effect of maturing the obligation by advancing the date of payment. While a denial of liability as a waiver of the provision in the policy calling for submission of due proof of such disablement, such waiver would not accelerate the due date of the first payment provided for in the policy. The waiver would simply relieve the insured of the obligation to file the proof called for by the contract, and the first payment would be due six months after the waiver occurred. In the first instance, without a waiver, the first payment would be due six months after receipt of proof of the disablement. If the insurer sees fit to waive the provision requiring the submission of due proof of the disability, that without more would not constitute a waiver of the provision that the first payment would be due and payable six months after the submission of such proof.

Where proof of disability has been waived, the situation of the parties is, in legal effect, the same as if it had been furnished. Had the proof been furnished, the first payment would have been due six months after it was furnished. If it was waived, the first payment would be due six months from the date of the waiver.

We think this is made clear by the case of Hundley v. Metropolitan Life Insurance Company, 205 N.C. 780, 172 S.E. 361, and on that authority we hold that no reversible error was committed in the ruling on the demurrer to the replications.

The record discloses that the case was tried upon the complaint, the plea in abatement, as amended, and replication 10. At the conclusion of the evidence, the court, at the request of the appellee, gave the following charge in writing: "The court charges the jury that if you believe the evidence, you will find issues in favor of the defendant," and refused the affirmative instructions with hypothesis requested in writing by appellant.

■ Appellant's replication 10 reads as follows: "For that before the bringing of this suit, to wit, on or about May 24, 1933, defendant denied liability upon the claim involved in this suit upon the sole ground of its contention that plaintiff was not permanently and totally disabled; that it therefore waived formal proof of claim, authorized immediate suit, and he therefore avers that said plea cannot operate as an abatement of this suit."

In replication 10 the plaintiff assumed the burden of furnishing evidence to sustain his claim that the defendant denied liability upon the claim involved on or about May 24, 1933, *upon the sole ground that plaintiff was not permanently and totally disabled.* In order to carry the burden imposed upon him by replication 10, the bill of exceptions informs us that the plaintiff offered in evidence Exhibits A to Q, inclusive. Exhibits A and B consisting of certificate of insurance and group policy, were admitted in evidence. The defendant's objection to the admission in evidence of exhibits C to Q, inclusive, was sustained and the ruling on each is here assigned for error.

The certificate of insurance was issued to plaintiff while he was employed by the Anniston Manufacturing Company. It appears that he worked for that concern until his job was abolished in June, 1931, when the insurance on appellant terminated. The first claim he made that he was totally and permanently disabled was made in December, 1932.

A reference to the bill of exceptions discloses that the appellant did not call a single witness in his behalf. He offered only the documentary evidence referred to.

The two exhibits that were admitted in evidence had no tendency to prove the essential allegation in replication 10, to the effect that the defendant denied liability upon the claim involved in this suit upon the sole ground of its contention that plaintiff was not permanently and totally disabled. The question then occurs: Was any error committed in rejecting exhibits C to Q, inclusive?

As we read those exhibits, they do not show, or tend to show, that appellee denied liability on the sole ground that the plaintiff was not totally and permanently disabled, as alleged in appellant's replication 10. Had these exhibits, therefore, been admitted in evidence, appellant would still lack a scintilla of evidence to support this essential averment in replication 10.

In the view we now take of the case, the admission or rejection of these exhibits would not have altered the appellant's position. Had they been admitted in evidence, the appellant would have found himself in identically the same situation that the record discloses he is now; that is to say, he did not furnish a scintilla of evidence supporting the material allegations of replication 10, to the effect that the defendant denied liability upon the claim involved in this suit, upon the sole ground of its contention that plaintiff was not permanently and totally disabled.

For these reasons the court is of the opinion that no error prejudicial to the appellant is shown by the record, and for that reason the judgment appealed from is affirmed.

The former opinion in this case, filed on November 5, 1935, is hereby withdrawn, and the foregoing opinion is substituted.

Application overruled.

Affirmed.