181 So. 774

## REAVES v. STEWART.

### 4 Div. 993.

Supreme Court of Alabama.

May 12, 1938.

Rehearing Denied June 16, 1938.

Andrews & Andrews, of Union Springs, and Crews Johnston, of Clayton, for appellant.

Chauncey Sparks, of Eufaula, and Jas. J. Winn, of Clayton, for appellee.

FOSTER, Justice.

A bill in equity was filed in this case by appellee against appellant, seeking to have a deed declared to be intended as security for a debt, and to be let in to redeem the land.

The transaction embraced about 3,300 acres of land. Appellee had inherited it from his deceased brother, subject to certain debts and the widow's rights, and needed something more than $5,000 to settle them. He was unable to borrow the money. But found that appellant, his cousin, could do so. But to enable him to obtain the loan

for appellee, he had to have a deed. So that a deed was made, and the money was advanced to appellant and he paid up the debts. Appellee in person did not receive any of the money. But he testified that the agreement was that he should repay the money when he could, and have the land back.

This was a valid agreement, and contained no element of uncertainty or invalidity. Dantzler v. Scheuer, 203 Ala. 89, 82 So. 103; Torry v. Krauss, 149 Ala. 200, 43 So. 184; 94 A.L.R. 721; Shaddix v. Bilbro, 220 Ala. 657, 127 So. 227.

Appellant denied that there was such an agreement, and contends that he bought the land as an investment, but agreed to give appellee one-half of the rents as long as he should live. The land was worth two or three times the amount advanced by appellant.

Within a year, appellee asked for information as to the amount necessary to redeem and was told that it was $14,000. The bill to redeem followed shortly.

Appellant offered to divide the amount of rents equally with appellee, but this was refused; he also sold about three hundred acres and some timber, offering to divide the proceeds in excess of $1,000 equally with appellee.

There is corroborative evidence of each contention. But we are in agreement with the trial court, that the transaction was intended as a loan, and should be so declared by a court of equity. The court proceeded to state the account as to which no complaint is here made. He allowed appellee thirty days in which to pay the amount so ascertained, making provision for the current rent, as was proper. The amount so decreed was paid within the time thus specified. We think the decree is based on sound principles of law and a proper interpretation of the evidence. We have repeated the legal principles so often, it is not necessary to do so again. See our most recent case of Lindsey v. Hamlet, 179 So. 234,[1] where we reiterated the legal status with citation of many of the cases.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

---

[1] 235 Ala. 335.