191 So. 221

### DOWNING et ux. v. WILLIAMS et ux.

#### 5 Div. 305.

Supreme Court of Alabama.

Dec. 1, 1939.

Wilbanks & Wilbanks, of Dadeville, for appellees.

Sam W. Oliver, of Dadeville, for appellants.

GARDNER, Justice.

From the decree overruling their demurrer to the bill, defendants appeal.

The bill seeks specific performance of a contract relating to personal property—household furnishings, composed in part of articles measurable in monetary values, and in part of treasured belongings, of value to complainants only because of association—or, as expressed in the bill, hav-

554

ing "a unique value to the complainants," used and treasured by them, and such articles as "cannot be replaced."

The equity of the bill rests upon the broad ground—the foundation stone of equity jurisprudence—of inadequacy of the remedy at law. Mayo v. Ford, 220 Ala. 426, 125 So. 684; Samples v. Grizzell, 230 Ala. 176, 160 So. 538.

As observed in 2 Restatement of the Law of Contracts (American Law Institute) page 643, the principle which underlies specific performance of a contract relating to real estate, without regard to quantity, quality or location is that "a specific tract is unique and impossible of duplication by the use of any amount of money."

Like principle has application in a case such as made by the bill here considered. Some of these articles are unique, valuable only to complainants and upon the open market doubtless of no monetary value, and are impossible of replacement. Such being the case, the remedy at law by action of detinue or trover would prove wholly inadequate.

Defendants argue that complainants in seeking a reduction of the sum they are due for storage by reason of conversion of a part of the stored goods or by virtue of damage for use, have demonstrated the articles have a monetary value, citing Southern Iron Co. v. Vaughan, 201 Ala. 356, 78 So. 212.

But we do not conceive that this is the logical result of the bill's averments. It would be inconsistent with all principles of right and justice to say that merely because complainants seek some sort of redress for goods converted, damaged or destroyed, they must be denied relief of specific performance as to those articles which are incapable of replacement. A very apt illustration is to be found in Restatement of the Law of Contracts, supra (page 650), as follows: "A contracts to sell to B a private library containing an old family bible with an original family record of B's ancestry in it, and other books, of which some are rare and some are common and easily obtainable. A repudiates the contract. Money damages may properly be regarded as an inadequate remedy, and a decree for specific performance of the entire contract may be granted in favor of B."

It is, of course, the general rule that a court of equity will not order a specific performance of a contract as to personalty, because ordinarily there is an adequate remedy at law. But one of the exceptions to this general rule is where the loss cannot be adequately compensated by damages in an action at law. General Securities Corp. v. Welton, 223 Ala. 299, 135 So. 329. "In the exercise of the jurisdiction, the court is invested with a discretion; not arbitrary or capricious, but a sound, judicial discretion, moulding and tempering its action, or the refusal to act, in view of the circumstances of the particular case, and from them determining whether the conscience of the party charged with a violation of the contract is so affected, that moral and equitable duty compel him to a strict performance, rather than to a payment of such damages as a court of law would award against him." Irwin v. Bailey, 72 Ala. 467.

Defendants insist complainants are barred from relief by long delay in the prosecution of their suit, citing section 8944, subsections 3 and 10 in connection with section 6522, Code of 1923, and Haggerty v. Elyton Land Co., 89 Ala. 428, 7 So. 651, to the effect that when the case made by the bill is prima facie offensive to the rule against the enforcement of stale demands, it is incumbent on complainants to distinctly aver facts and circumstances to excuse the delay.

But the bill discloses complainants paid for the storage pursuant to the contract until defendants breached the same by an unauthorized use of the goods. It is further shown that complainants on numerous occasions tendered the amount of storage due, less a reasonable sum for the use and destruction of some of the goods, which offers were refused. Defendants still have the goods and decline to pay damages for those destroyed, injured or disposed of. The contract has all along remained in force.

Complainants' claim is in the nature of a recoupment, and speaking of a somewhat similar claim, the Court in Conner v. Smith, 88 Ala. 300, 7 So. 150, 153, said: "Such a claim runs with the contract, so to speak, and may—at least when it goes to the consideration, as it generally does, in some sort, and as in the case here—be relied on without regard to the statute of limitations. So long as the contract, upon a breach of which the claim is predicated,

subsists and may be enforced the claim itself may be pleaded in reduction, at least, of the demand on the contract; and this, notwithstanding the matter of recoupment, independently considered, may be barred, not only when it is pleaded, but also when the right of action, against which it is asserted, accrued." See also Harton v. Belcher, 195 Ala. 186, 70 So. 141.

The objection to the bill, therefore, upon the theory of a bar of the statute of limitation, is without merit. Nor is the contract here involved subject to our statute of frauds. Section 8034, Code of 1923.

Defendants agreed for a stated consideration to store the furniture "until such time as the complainants could conveniently remove said articles." This contract was capable of performance within a year, and the statute of frauds is of consequence inapplicable. Christie v. Durden, 205 Ala. 571, 88 So. 667.

Nor do we consider the contract void for uncertainty. The agreement that defendants would store the property until such time as complainants could conveniently remove it finds analogy in Reaves v. Stewart, 236 Ala. 280, 181 So. 774, 775, where the contract was that the borrower "should repay the money when he could," which holding is supported by the cited cases of Dantzler v. Scheuer, 203 Ala. 89, 82 So. 103, and Pierce v. Tennessee Coal, Iron & R. Co., 110 Ala. 533, 19 So. 22.

Defendants' insistence that the contract is not sufficiently certain in its terms to be specifically enforced (citing Rushton v. McKee & Co., 201 Ala. 49, 77 So. 343; section 6833, Code of 1923) is, we think, likewise untenable.

Defendants also argue the contract is wanting in mutuality in its operation and effect, is not free from hardship or oppression, and, of consequence, should not be specifically enforced. Sections 6829 and 6834, Code of 1923; Irwin v. Bailey, supra; Rushton v. McKee & Co., supra; Olive v. Fayette County, 219 Ala. 172, 121 So. 703.

As for a want of mutuality, this doctrine only requires that the court decreeing specific performance, has the power and ability to compel the other party to perform his obligations. General Securities Corp. v. Welton, 223 Ala. 299, 135 So. 329. Complainants here have offered to do equity, and submitted themselves to the jurisdiction of the court wherein the decree to be rendered may be so moulded as to protect the rights of all parties and do complete justice between them.

Viewed in all its aspects, we conclude the bill has equity and its averments are sufficient as against the demurrer interposed thereto. It results that the decree is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.