## PECK & CLARK vs. WALLACE & LEWIS.

1. When a person places a note in the hands of an attorney for collection, and takes from him a receipt for it in his own name, but does not claim it as his own, nor any lien upon it, and the note itself is payable to a third person, and not endorsed, a payment by the attorney of the proceeds of the note to the payee will discharge him from all liability to the person who placed the note in his hands.

ERROR to the Circuit Court of Tuskaloosa. Tried before the Hon. John D. Phelan.

E. W. PECK, for plaintiffs in error:

The only question made on this record is, was the money at the time it was paid, lawfully paid by the plaintiffs in error, to Boyd, the payee of the note?

The question is not decided against the plaintiffs in error, by holding that they were the agents of the defendants in error by receiving the note of them. This is undoubtedly true in one sense, but were they not also the agents of Boyd to whom the note was made payable?

The note being payable to Boyd, and not endorsed, suit upon it must have been brought in his name; and without authority for that purpose, the suit could not rightfully have been brought for the use of the defendants in error, thereby subjecting them to a liability for the costs.

Again, if the plaintiffs in error had refused to pay the money to Boyd, the payee, on demand, could not he have recovered it by suit? Would it have been any defence to such an action for them to have proved the simple fact, that they had received the note from the defendants in error? If that fact alone would not have defeated such an action, then the judgment in this case on the evidence should have been for the plaintiffs in error, for the only evidence of the rights of the defendants in error, is the receipt, which proves merely that the note was received from them.

If Boyd could have recovered the money of the plaintiffs in error, because the note was payable to him, and because the money was collected in his name, there being no evidence that the note had been assigned, (and there is no evidence whatever of that fact,) then I ask, was it not lawful for them to pay him the money without suit?

This is a case in which the plaintiffs in error might well have paid the money either to the defendants in error, or to Boyd, whichever made the first demand; to the defendants in error, because the note was received from them; to Boyd, because the note was payable to him, and collected in his name, there being no evidence that he had assigned it to the defendants in error.— Williams v. Willington, 1 H. Blackstone's R. 85, end of Lord Loughborough's opinion.

2. As to the practice on a demurrer to evidence, I refer the court to 2nd vol. Dunlap's Practice, and the cases there cited. The language employed in some of the cases reported and referred to on the defendant's brief is too strong, not warranted by principle or adjudged cases. To say that a court will lean against a party, is a reproach to the court.

Peck & Clark v. Wallace & Lewis.

P. & J. L. Martin, *contra,* referred to Peck & Clark v. Wallace & Lewis, 10 Ala. 146; 12 ib. 768; Gazzum, Herd & Wragg v. B'k Mobile, 1 ib. 268; Edmonds v. Edmonds, ib. 401; Pharr & Beck v. Bachelor, 3 Ala. 242; Carson v. State Bank, 4 Ala. 148; Dearing, Smith & Co. v. Smith & Wright, ib. 432; Foster v. McDonald, 15 Ala. 376.

PARSONS, J.—This case was here on two former occasions.— 10 Ala. 146; 12 ib. 768. But it was here on those occasions upon facts that do not appear in it now. It does not now appear that Boyd, the payee, ever endorsed the note; nor is there any evidence, except what the plaintiffs below introduced, and to that the defendants below demurred, and the court, upon the demurrer to the evidence, gave judgment against the defendants below, who are now the plaintiffs in error. To give the plaintiffs below the benefit of every fact, which their evidence conduced to prove, the question is, whether they made out a cause of action against the defendants. Their evidence proved, or conduced to prove a promissory note, payable to the order of Boyd; that this note by their agents had been put into the hands of the defendants below for collection, who gave their receipt for the collection to the plaintiffs below; that the plaintiffs below, after the money had been collected by the defendants, caused it to be demanded of the latter, who failed to pay it, however, because they had already paid it to Boyd, which was before this suit was brought. Now, if it be conceded, that either the plaintiffs below, or Boyd, might have maintained an action against the defendants for the money collected, it would follow, that the latter might have made payment to either, and the payment would discharge them. The note was payable to Boyd, and the suit for its collection, if any, must have been in his name. There was clear legal evidence, therefore, of his legal title and right to the money. If the defendants below had refused to pay the money to Boyd, on his demand, he could have brought suit against them, and showing a clear legal right to the money, must have recovered. Against his legal right which appeared upon the face of the note, there was no evidence, save the fact that Wallace and Lewis had possession of the note, and put it out for collection, taking a receipt for that purpose, in which however, there is no promise to pay the money to them, but it shows the legal rights of

Boyd expressly. Every part of the evidence was introduced by the plaintiffs below. Their possession as some evidence of property, is entirely overcome by the evidence that accompanied it, of legal title in Boyd. Upon this state of facts, if the plaintiffs below had received the money from the defendants, Boyd could have recovered it from them. If there had been any evidence that the plaintiffs below had any interest in, or lien upon the note or its proceeds, and more especially, if the defendants had been notified of that fact, the case would have stood upon different grounds.

As to the evidence by which it appeared that the defendants had paid the money to Boyd, it consisted of their own declaration; but the plaintiff below, in proving their declaration or admission of another fact, proved that also, and made no objection to it; nor was it in any manner contradicted or discredited. It was part of the entire statement made by the defendants below, which was proved by the plaintiff, and is therefore evidence,—(1 Greenl. on Ev. § 201;) more especially, as the plaintiffs below permitted it to go as evidence in the court below, having proved it themselves. In taking this evidence under the circumstances, by which the plaintiff below is concluded on a demurrer to his evidence, we are going, as I think, to the very verge of the law, but not beyond it. The judgment is reversed, and according to the settled practice of this court, the cause is remanded.