[Hudson v. Kelly.]

# Hudson *v.* Kelly.

70  393
107  352

*Bill in Equity by Purchaser from Mortgagor, for Reformation of Deed as Mortgage, and for Redemption.*

1. *Parties to bill.*—When a mortgage on lands is given for the indemnity of a surety, and a purchaser from the mortgagor seeks to redeem, the debt not being paid or satisfied, the creditor is a necessary party to the bill; and the same rule applies, where the instrument is in form an absolute conveyance, and the purchaser seeks to have it declared a mortgage, and to redeem.

2. *Same; error without injury in want of necessary party.*—In such case, if an amended bill is filed, alleging payment of the debt, and the proof shows that it was in fact paid after the filing of the amended bill, the creditor ceases to have any interest, and the failure to bring him in as a party is not a fatal defect.

3. *Alienation of homestead.*—It is no objection to the validity of a conveyance of land, executed by husband and wife, that it is not properly authenticated as an alienation of the homestead (Code, § 2822), when it does not appear that the land was at the time occupied by them as a homestead.

4. *Costs.*—When a bill to redeem contains an offer to pay the balance due on the mortgage debt, and the mortgagee interposes no obstacle to the relief prayed, the costs of the suit are usually taxed against the complainant; but, where both parties are at fault—as here, where the complainant made no offer to pay before filing his bill, and the defendant denied the mortgage, claiming that the conveyance was, as it purported to be, an absolute deed—the costs will be equally divided.

APPEAL from the Chancery Court of Coffee.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 2d October, 1879, by Henry W. Kelly, against H. L. Hudson, and sought to enjoin a judgment in an action of ejectment, or statutory action in the nature of ejectment, which the defendant had recovered, for the possession of a certain tract of land, which he claimed under a deed from one W. P. Balkum; also, to have Balkum's said deed declared a mortgage, and to be let in to redeem, on payment of the balance, if any, due on the debt intended to be secured; and if nothing should be found due, to have it cancelled and declared inoperative. The complainant claimed the land, a tract containing eighty acres, under a deed from said Balkum and wife, which was made an exhibit to the bill, and which was dated the 28th September, 1877. This deed, which was very informal, purported to convey to said H. W. Kelly " all the *rites* and privileges that we [grantors] have to the above named land, for the sum of $40 paid in hand by him;" was

[Hudson v. Kelly.]

signed by said Balkum and wife, the latter making her mark, attested by two witnesses, one of whom signed by his mark only, and was admitted to record on proof by the witness so making his mark. The deed under which the defendant claimed the land, and on which his recovery in the action at law was founded, was executed by said Balkum and wife, dated April 28th, 1875, and recited the payment in hand of $50 as its consideration; and it was acknowledged by both of the grantors, on the day of its date, before a justice of the peace, whose certificate as to the wife's acknowledgment, on examination apart from her husband, was also indorsed on it. The bill alleged that this conveyance, though absolute on its face, was intended as a mortgage, and was given to secure and indemnify said Hudson against any loss he might sustain by reason of his suretyship for said Balkum on a debt due to one J. S. Solomon for supplies furnished. This debt to Solomon was secured by a crop-lien note, and a mortgage on three or four head of cattle belonging to Balkum; and Hudson signed this note and mortgage with Balkum. The original bill alleged, "that said Balkum did pay up most of said debt to said Solomon, and said Hudson was held harmless, and did not pay any part of said debt, being about $60; that the small amount left due, the exact amount of which is unknown to your orator, but is believed to be less than $20, your orator has agreed with H. C. Wiley, who is agent or attorney for the owner of said claim, [to pay?]; and the said Solomon, or the party owning said claim, has not made any part of it out of said Hudson, and does not look to him for it; and your orator now here offers to pay whatever balance may be lawfully due on said Solomon's claim, so that the said Hudson may, in any event, be held harmless on account of said provisions so furnished."

The defendant, in his answer to the original bill, admitted that the consideration of his deed from Balkum was his becoming surety for the latter to enable him to procure supplies from Solomon, and that he joined in Balkum's mortgage to Solomon for the debt; but he denied that his deed was intended as a mortgage, his denial being in these words: "He denies that said deed was to be void under any circumstances; but, if the mortgage to Solomon was paid at maturity, and he was paid for all his trouble and costs, then he did agree to re-convey; but, if default was made in the payment of said mortgage at maturity, the deed being absolute, he was not to re-convey, but was to hold the land, and said Balkum was to surrender to him the possession. He denies, also, that H. C. Wiley controls the Solomon mortgage, or had any right to make any settlement of said claim outside of its payment. * * * The charge that respondent has never paid a cent is untrue: he has paid at least one

[Hudson v. Kelly.]

dollar for recording his deed." The defendant also demurred to the bill for want of equity, because there was not a sufficient offer to do equity, and because the court had no jurisdiction to enjoin a judgment in ejectment; and for the non-joinder of necessary parties, "because the holder of the debt to Solomon was not made a party, and because the heirs of Balkum should have been made parties."

An amended bill was filed, by leave of the register, on August 23d, 1880, containing these allegations: "Said mortgage debt has been entirely paid off to the said Solomon, and said Balkum, or his estate, is not indebted to said Solomon; and your orator avers that said defendant has never paid any part of said debt, or anything on account of becoming surety for said Balkum, and is not in any way bound to said Solomon, or any one else, for said debt." An answer was filed to the amended bill, denying "each and every allegation thereof." To prove the payment or satisfaction of the debt to Solomon, which had been transferred to F. Wolfe, the complainant took the deposition of H. C. Wiley, to which was attached an assignment of said note and mortgage by said Wiley, as attorney for Wolfe, to complainant, in consideration of $31.50 in hand paid; which assignment was dated November 4th, 1880.

The chancellor overruled the demurrers to the bill, both for want of equity, and for want of necessary parties, and held the complainant entitled to relief as prayed; and he rendered a decree declaring the deed to Hudson to be operative only as a mortgage, and ordering a reference to the register to ascertain the amount due on the debt to Solomon, and the loss or damage, if any, sustained by the defendant by reason of his suretyship for Balkum. The register reported the amount due to defendant to be $1.50, and his report was confirmed by the chancellor, who thereupon rendered a final decree, perpetually enjoining the judgment at law, and directing the register to enter satisfaction of the deed declared to be a mortgage, on the complainant's payment of the balance so found due to the defendant. The defendant appeals from this decree, and here assigns it as error, together with the overruling of his demurrers to the bill, and other matters.

J. E. P. FLOURNOY, for appellant.

W. D. ROBERTS, contra.

STONE, J.—The present is a suit to redeem lands by the alienee of the mortgagor, Balkum. We style him mortgagor, for we agree with the chancellor that the deed from Balkum and wife to Hudson, absolute on its face, is clearly shown to

[Hudson v. Kelly.]

have been intended as a mortgage security.—2 Brick. Dig. 271, §§ 216–7–8. At the time the bill was filed, in October, 1879, and when it was amended, in August, 1880, the debt to Solomon, or rather to Wolffe, his assignee, remained unsatisfied, in whole or in part. Probably, the greater part of it was then unpaid. The evidence of it had not been cancelled, or transferred to Kelly. The bill being one to redeem from under a mortgage not satisfied or paid, the holder of the mortgage debt was a necessary party. He had a right to be heard on the extent of his claim, and in taking the account. There was a demurrer to the original bill for this non-joinder, and that demurrer ought to have been sustained.— *Woodward v. Wood,* 19 Ala. 219; 2 Brick. Dig. 261–2, §§ 174, 181, 184, 186, 193; *Dooley v. Villalonga,* 61 Ala. 129; *McMullen v. Neal,* 60 Ala. 552. This is an error in the proceedings in the court below, which, at the time the decree should have been pronounced upon it, was prejudicial to appellant.

The amended bill, filed in August, 1880, avers that the mortgage debt had been paid. The proof shows Kelly paid it in November, 1880, some three months after the amended bill was filed. Till that payment was made, Wolffe remained a necessary party, yet he never was made a party. After that, he ceased to have any interest, and Hudson was no longer interested in the land, as indemnity against the debt to Solomon, or Wolffe, his assignee.

Appellant claims that Kelly's deed, conveying, as it assumes to convey, Balkum's homestead, is void, because the execution by the wife of the latter is not authenticated as the statute requires. It is a sufficient answer to this, that it is no where shown in the record that Balkum occupied the land as a homestead, when he and his wife conveyed to Kelly. The conveyance by Balkum is certainly sufficient, and sufficiently certified to go in evidence to the jury as against him. But no objection was raised in the court below to its introduction in evidence. It is one of the pieces of evidence offered by complainant, and noted, and the record does not inform us it was objected to. There is nothing in this objection. We think the other points urged in argument are without merit.

Neither party, complainant or defendant, is without fault in this controversy. Hudson's claim that the land was absolutely his, with no right of redemption in Balkum or his alienee, is devoid of merit. So, Kelly's bill to redeem was filed without any previous attempt or offer to pay the debt the mortgage was given to secure. True, the bill contains an offer to pay, which gives the bill equity; but, when the mortgagee is willing to receive his money, and interposes no other barrier to relief, the redeeming mortgagor should be, and usually is, taxed with the

[Norwood et al. v. Kirby's Adm'r.]

costs of the redemption suit. The present was a case for division of the costs of the court below.

No possible good can come of remanding this cause. If the bill had contained proper amendments, made at the right time, the decree as to the title, and as to the injunction of the recovery at law, would be free from error. Practically, those amendments have been rendered unnecessary. We will, therefore, treat them as having been made, and here render the decree substantially as the chancellor rendered it, with the single exception, that the costs of the court below must be taxed equally against the complainant and defendant.

Reversed and rendered, at the costs of the appellee.