# Pershing *v.* Feinberg, Appellant.

*Landlord and tenant—Lease—Forfeiture—Payment of rent—Check:*

A landlord cannot forfeit a lease merely because payment of rent is tendered by check where it appears that checks had been tendered on two prior occasions for monthly instalments, and had been refused, not because the tender was illegal, but for other reasons then stated. If money is demanded, the tenant is entitled to notice.

Where a tenant deducts from an instalment of rent certain expenses which he claims to have been incurred in litigation between himself and his landlord, and sends the balance, which is returned to him, and the landlord enters judgment on an ejectment clause in the lease for nonpayment of rent, the court cannot relieve against the forfeiture enforced by the landlord, since the tenant's attempt to collect his claim by deducting it from the rent is unwarranted.

Argued May 15, 1901.  Reargued May 12, 1902.  Appeal, No. 163, Jan. T., 1901, by defendant, from order of C. P. Fayette Co., Dec. T., 1900, No. 60, discharging rule to set aside execution in case of Asenath H. Pershing to use of Morris Kobacker and Joseph I. Kobacker v. Hazel Feinberg.  Before McCollum, C. J., Mitchell, Dean, Fell, Brown and Mestrezat, JJ., on reargument.  Affirmed.

. Rule to set aside execution.
From the record it appeared that on April 6, 1899, Hazel Feinberg leased from Asenath H. Pershing a storeroom in Connellsville at the annual rental of $420, payable monthly. Trouble arose between the parties in regard to subletting, and the plaintiff instituted proceedings to recover possession of the premises for breach of condition as to subletting.  The plaintiff recovered a judgment, but on a certiorari it was reversed. Other facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order charging rule to set aside execution.

*Edward Campbell*, with him *Greenwald & Mayer*, for appellant.—To relieve against forfeiture is one of the oldest and best established functions of a court of equity : Story on

Equity Jurisprudence, sec. 1315; Pittsburg, etc., R. R. Co. v. Mt. Pleasant, etc., R. R. Co., 76 Pa. 481.

The distinction between a clause of forfeiture declaring a contract null and void, and such a clause intended as security, is well settled: Jackson & Gross on Landlord and Tenant, 215, pl. 4; 2 Story's Eq. secs. 1313, 1314, 1315; Sheaffer v. Sheaffer, 37 Pa. 525, 528, 529; Kenrick v. Smick, 7 Watts & S. 41, 47.

Forfeitures are odious in law: Helme v. Phila. Life Ins. Co., 61 Pa. 107.

*H. L. Robinson*, of *Robinson & McKean*, with him *R. F. Hopwood*, for appellee.—Each month's rent was a separate debt upon the payment of which the tenant's right to continue in the enjoyment of the premises depended. The parties were dealing at arms' length. The tenant was resting on his legal rights. He could not expect his landlords to waive any of their rights: Times Co. v. Siebrecht, 15 Phila. 235.

To make a valid tender of money the debtor must produce the precise sum due, in current money, such as is by law made a legal tender, and must actually offer it to the creditor: Wagenblast v. McKean, 2 Grant's Cases, 393.

OPINION BY MR. JUSTICE FELL, May 19, 1902:

The lease under which the defendant went into possession provided for the entering of a judgment in ejectment if the rent reserved was not paid as it became due. Three monthly instalments of rent were unpaid when judgment was entered, and on the hearing of the rule to open the judgment the only question before the court was whether the defendant had established any equitable ground for relief against the forfeiture.

Five months before the judgment was entered, the plaintiff had instituted proceedings to recover possession of the premises for breach of a condition as to subletting, but had failed in her action. Before the proceedings were ended, the defendant sent checks for two instalments of rent which became due. These checks were returned with a statement that no rent would be received because of the litigation then pending. Three months' rent became due after the proceedings ended.

From this amount the defendant deducted $24.50 for personal expenses incurred by him in attending to the litigation mentioned, and sent the plaintiff a check for the balance, with a statement that it was "in full for three months' rent." The check was returned without comment. The same amount in money was afterwards sent by express, and it also was returned.

Under the circumstances a forfeiture would not be sustained because payment was tendered by check. Checks had been tendered on two prior occasions for monthly instalments, and had been refused, not because the tender was illegal, but for other reasons then stated. If money was demanded, the defendant was entitled to notice. Courts will relieve against forfeiture when the injured party has been misled, or an undue advantage has been taken of his reliance on a waiver of strict performance. But as to the amount to be paid and the duty to pay it, the defendant was not misled. His relation to the plaintiff was hostile, and he had no reason to expect indulgence. The return of the check was notice that his claim for expenses was not allowed. His attempt to collect the claim by deducting it from the rent was unwarranted, and by his persistence in it he placed himself in a position in which the court could give him no relief.

The order discharging the rule is affirmed.