### BARTON v. W. O. BROYLES STOVE & FURNITURE CO. (6 Div. 276.)

(Supreme Court of Alabama. Jan. 15, 1925. Rehearing Denied April 30, 1925.)

1. Contracts ⬤⟞318—Equity will relieve against forfeiture by breach of express contract to pay money when actual damages to creditor can be adequately compensated.

Equity, looking to intent rather than form of transaction, will relieve against forfeiture incurred by breach of express contract to pay sum of money, when actual damages to creditor can be adequately compensated; security for payment being regarded as real purpose of contract.

2. Sales ⬤⟞481—Buyer held entitled to relief from forfeiture for default in payment of monthly installment.

Purchaser, under written agreement that property should remain seller's until fully paid for, and that neglect to pay monthly installment when due, time being essence, should work forfeiture of all previous payments which should be treated as rents, held entitled, in equity, to relief from forfeiture for default, on payment of amount due with interest, substantially as provided by Code 1923, §§ 7400, 7401, in actions at law for recovery of property by vendor.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by A. B. Barton against the W. O. Broyles Stove & Furniture Company. From a decree sustaining demurrer to the bill, complainant appeals. Reversed and remanded.

The contract involved in the suit is, in substance, as follows:

"This agreement certifies that I, A. B. Barton, address 1820 7th Ave. N., have this day purchased of W. O. Broyles Stove & Furniture Co., Inc., the following property, to wit: * * * Total value two hundred sixty and 65/100 dollars, upon the following conditions: I promise to pay to W. O. Broyles Stove & Furniture Co., Inc., at their store, the sum of $260.00, for property in installments of $20.00 down and $5.00 per month until the same is paid for in full.

"I do hereby consent and agree that the said property and the title to same shall be and remain the property of said W. O. Broyles Stove & Furniture Co., Inc., until fully paid for as above agreed, and if I neglect to pay the said monthly installments when due (time being the essence of this contract) the said W. O. Broyles Stove and Furniture Co., Inc., or their agents shall have the right and privilege to enter the premises at any time thereafter to demand and take away said property, and I agree to forfeit and lose all previous payments made thereon, the same being treated as rents. I further agree to make all back payments in case goods are returned.

"I agree to keep said property at my residence No. 1224 7th Ave., and not to move the same without the written consent of said W. O. Broyles Stove & Furniture Co., Inc. The right of exemption to personal property and wages under the Constitution and laws of the state of Alabama or any other state of the United States is hereby waived in favor of the payment of this obligation, and the undersigned agree to pay all costs of collection, including a reasonable attorney's fee in case of suit."

W. Emmett Perry, of Birmingham, for appellant.

Equity has jurisdiction to relieve against unconscionable forfeitures. Franklin v. Long, 191 Ala. 310, 68 So. 149; Root v. Johnson, 99 Ala. 90, 10 So. 293; Benjamin on Sales (7th Ed.) 298; Lincoln v. Quynn, 68 Md. 299, 11 A. 848, 6 Am. St. Rep. 446. When the agreement is simply one for the payment of money, a forfeiture will be set aside or relieved against. 1 Pomeroy, Eq. Jur. § 450; Franklin v. Long, supra; Am. Tr. & S. B. v. Turner, 16 Ala. App. 602, 80 So. 176; Davis v. Millings, 141 Ala. 378, 37 So. 737. Payment in part by purchaser invests him with equitable interest. Bingham v. Vandegrift, 93 Ala. 283, 9 So. 280.

Hugh A. Locke, of Birmingham, for appellee.

No title vests in the grantee until payment is made. 1 Pom. Eq. Jur. § 455. The contract here provides specially for a forfeiture. Hill v. Townsend, 69 Ala. 286.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAYRE, J. [1, 2] Appellant entered into a contract with appellee for the purchase of household furniture; the price to be paid in monthly installments. The contract was in writing, and belonged to the class commonly known as "lease sale contracts," the provisions of which, in a way, are generally understood. It is averred in appellant's bill that, after he had paid $222.50 of the purchase price, which was $260.65, but after default, and in the absence of appellant, appellee declared a forfeiture, entered upon his premises, and took possession of the property. Appellant filed his bill to be relieved of the forfeiture; his reliance being upon the general principle that equity will relieve against a forfeiture where it is incurred by a breach of an express contract to pay a sum of money—this for the reason that the provision for forfeiture is inserted merely to secure the payment of money, and equity, regarding the security of such payment as the real purpose of the contract, will relieve the debtor from the consequences of the forfeiture whenever the actual damages sustained by the creditor can be adequately compensated. 1 Pom. Eq. Jur. (4th Ed.) § 381. The doctrine thus appealed to rests on the maxim that equity looks to the intent rather than to the form of a transaction. The defense interposed by the demurrer, which was sustained, was that the forfeiture averred belonged to a class against which equity will not relieve, even though compensation may be easily made, as where the contract is so drawn as to make time of payment of its essence, or where the forfeiture is occasioned by the nonperformance of a condition precedent, as, for example, no title is to vest until the vendee has paid certain sums at specified times. Eaton's Equity, p. 111; 1 Pom. § 455. It is evident from an inspection of the contract that the effort of the draftsman was to bring it within the rule last stated. However, we think he was unable to disguise its true meaning.

Whatever may be the rule of the law courts in dealing with such contracts our judgment is that, on the facts averred, appellant is entitled in equity to be relieved of the forfeiture upon his offer to do equity. When "the stipulation concerning payment is only a condition subsequent, a court of equity has power to relieve the defaulting vendee from the forfeiture caused by his breach of this condition, upon his paying the amount due, with interest, because the clause of forfeiture may be regarded as simply a security for the payment. It is therefore held, in a great number of cases, that the forfeiture provided for by such a clause, on the failure of the purchaser to fulfill at the proper time, will be disregarded and set aside by a court of equity, unless such failure is intentional or willful." 1 Pom. § 455. There are cases to the contrary, but Mr. Pomeroy observes of them (note to section 455) that they seem to ignore the equitable principle of relief from penalties and forfeitures.

There are many cases in our reports which go to show that in a court of law, where only the distinctive legal title may be considered a basis for affirmative relief, such title as was reserved to appellee must prevail. But appellant appeals to equity, and in that forum there can be no doubt that the transaction in question witnessed a sale of the property with title reserved to secure the payment of the purchase money. This court has frequently recognized the fact that the vendee in such a transaction takes a substantial interest in the property. To quote the language of Williston on Sales (2d Ed.) § 330: "In fact the buyer acquires not simply a contract right, but a property right." And this court has repeatedly said that the retention of title in such cases is, at most, a form of security for the payment of the purchase money. Tanner v. Hall, 89 Ala. 630; [1] Bingham v. Vandegrift, 93 Ala. 286, 9 So. 280; Steele v. State, 159 Ala. 9, 48 So. 673; State v. White Furniture Co., 206 Ala. 576, 90 So. 896. It is this equitable interest in the property, as well as payments made, that the purchaser is made by the contract to forfeit in case he fails to pay any monthly installment, and it is this property that a court of equity should protect against forfeiture. Such a sale is not technically a mortgage, but it constitutes a form of security, and will be so treated in equity where things are treated according to their substance. Speaking of such transactions, Prof. Williston, after affirming the vendee's property right in the language quoted above, says:

"The situation is therefore identical with the case of the condition subsequent, except that in the case of the condition precedent the seller has a bare legal title for the purpose of security only, while in the case of the condition subsequent the seller has only the right to regain a legal title on the happening of a condition. As the purpose of the seller's right, whether a legal title or whether a right to resume the title on breach of condition, is merely to give him security for payment of the price, the transaction is in its essence" (that is, as equity looks at it) "a mortgage, though futile distinctions are often made." Section 330, supra.

We have heretofore referred to the contract in question as a lease sale contract, for so, we believe, such contracts are commonly referred to—at least this contract is so referred to in the briefs. But, strictly speaking, this is not a lease sale contract. Such designation is more aptly applied to contracts in the form of leases either with options to the lessee to purchase for a small consideration at the end of the term, provided the so-called rent has been duly paid, or with stipulation that, if the rent throughout the term is paid, title shall thereupon vest in the lessee. In the contract here the stip-

[1] 7 So. 187.

ulation is that, in the event of the vendee's failure to pay any installment, all previous payments shall be forfeit; "the same being treated as rents." Whatever the form adopted, "it is obvious that such transactions are leases only in name. The so-called rent must necessarily be regarded as payment of' the price in installments, since the due payment of the agreed amount results, by the terms of the bargain, in the transfer of title to the lessee. * * * Apart from statutes, courts have disregarded the form of the transaction, and have held that, where payment of so-called rent nearly or quite pays the price of the goods, the bargain is conditional sale, and subject to the rules governing that kind of transaction"; that is, in equity, according to our cases, as, at most, a form of security for the payment of the purchase money. Williston on Contracts (2d Ed.) § 336.

We are therefore at the conclusion that appellant's bill brings his case within the influence and control of the general principle of equity to which appellant appeals. Substantially that relief would have been awarded to appellant under sections 7400 and 7401 of the Code of 1923, if appellee, instead of seizing the property without process, had brought his action at law for its recovery. This statute, for some purposes at least, couples vendors in conditional sales with mortgagees, and provides, as I understand it to have been interpreted, that the mortgagor or vendee in an action for the recovery of the specific property may show that the mortgage debt or purchase price has been paid in whole or part, according to the facts, and to such extent have the debt reduced and the property relieved of the lien upon payment of the balance, and so "each party protected in all their rights." Woodruff v. Stough, 107 Ala. 326, 18 So. 258. It cannot well be said that equity will do less for appellant in the circumstances of this case. Appellee's demurrer, which was addressed to the substance and equity of the amended bill, should have been overruled.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

