..(113 So. 589)

**JACOBS et al. v. MUDD et al.   (6 Div. 825.)**

..Supreme Court of Alabama.    June 30, 1927.

1. **Vendor and purchaser** ☜335—**Bill, seeking relief from forfeiture under lease sale contract, held demurrable as to respondents not named as parties to contract, whose interest did not appear.**

Bill, in which complainant sought to be relieved of forfeiture under lease sale contract, held demurrable as to respondents not named as parties to contract, whose interest in contract or land to which it related did not appear, except by averment that payments were 'made to "respondents," since such respondents were not proper parties.

2. **Appeal and error** ☜870(4)—**Matters relative to bonds for reinstatement of injunction are not reviewable on appeal from decree dissolving injunction (Code 1923, §§ 6079, 6081).**

Matter of prescribing amount of bond for reinstatement of injunction, and prescribing time within which such bond should be given, is not brought before Supreme Court on appeal from decree sustaining demurrers to bill and dissolving injunction, in view of Code 1923, §§ 6079, 6081.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Bill in equity by Louis Jacobs and another against W. S. Mudd and others. From a decree sustaining a demurrer to the bill and dissolving a temporary injunction, complainants appeal. Affirmed.

William S. Pritchard and John D. Higgins, both of Birmingham, for appellants.

Equity will relieve against forfeiture. Barton v. Broyles S. & F. Co., 212 Ala. 658, 103 So. 854; Hawkins v. Coston, 214 Ala. 135, 107 So. 50. It was error to limit the time for appeal and supersedeas of the decree dissolving temporary injunction to ten days. Trump v. McDonnell, 112 Ala. 256, 20 So. 524; Code 1923, §§ 6979, 6081.

Theodore J. Lamar and W. A. Weaver, both of Birmingham, for appellees.

It was incumbent on complainants to show some contractual relation between the Mudds and themselves. 32 C. J. 388, 390; 34 C. J. 803; Cullman Prop. Co. v. Hitt Lbr. Co., 201 Ala. 150, 77 So. 574; Irwin v. Shoemaker, 205 Ala. 13, 88 So. 129; McHan v. McMurry, 173 Ala. 182, 55 So. 793.

BROWN, J. The bill was filed by the appellants, originally, against W. S. and J. P. Mudd, seeking to be relieved of a forfeiture under a lease sale contract involving real estate of which complainants are in possession as their home, and as relief incidental thereto, to restrain said defendants' action at law for the possession of the property. The original bill averred that the lease sale contract, which was attached as an exhibit to the bill, was made between complainants and the said W. S. and J. P. Mudd, while the exhibit shows it to be a contract between complainants and the Lincoln Park Land Company.

To the bill as thus framed the defendants interposed demurrers, and filed a motion to dissolve the temporary injunction, granted on the filing of the bill, enjoining the action at law. Among other grounds stated in the de-

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

murrer was one pointing out the conflict between the averments of the bill and the contract attached thereto as an exhibit, the failure to make the land company a party, and want of equity as against the original defendants.

On submission on the demurrers and motion to dissolve, the court sustained the demurrers to the bill, giving complainant leave to amend, and overruled the motion to dissolve, but without prejudice and with leave to the defendants to renew the motion, if the bill was not amended so as to give it equity.

The complainants amended the bill by making the land company a party defendant and averring that the contract was made between the complainants and the respondent land company; but, as amended, the bill does not show what, if any, right or interest the respondents W. S. and J. P. Mudd have in the property, or controversy, other than such as appears from the averments that the payments were made to "the respondents," and that "respondents have failed and refused to give unto complainants a deed to said realty, and the respondents did heretofore on, to wit, the 26th day of October, 1925, file suit in unlawful detainer against complainants in the municipal court of Birmingham," and that a judgment was rendered thereon on the 28th day of April, 1926.

Subsequent to this amendment, the respondents W. S. and J. P. Mudd refiled the demurrers to the bill, adding other grounds, and renewed their motion to dissolve the injunction as therein amended, and on submission on the demurrers to the bill as amended and the motion to dissolve, a decree was entered, sustaining the demurrers of W. S. and J. P. Mudd, granting the motion to dissolve, and dismissing the bill as to said respondents, and from that decree the complainants have appealed.

The equity of the bill is rested upon the right of the complainants to relief against forfeiture resulting from a breach of the contract between the complainants and the land company, in complainants' failing to meet the payments as provided in the contract. Barton v. W. O. Broyles S. & F. Co., 212 Ala. 658, 103 So. 854; Hawkins v. Coston, 214 Ala. 135, 107 So. 50.

[1] What, if any, interest the respondents W. S. and J. P. Mudd had in the contract, the lands to which it relates or to the proceeds of the contract, does not appear from the averments of the bill. The mere fact that the payments were made to the "respondents," which included the Mudds, as well as the land company, in a proceeding such as we have here, in which no right is shown to recover the payments previously made, does not make the Mudds necessary, or even proper, parties to the bill, and as to them the bill is clearly without equity.

[2] The matter of prescribing the amount of the bond for the reinstatement of the injunction, and prescribing the time within which such bond should be given, is not brought before us for review on this appeal from the decree sustaining the demurrers to the bill and dissolving the injunction. Code of 1923, §§ 6079, 6081.

The decree of the circuit court is free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.