(117 So. 304)

### CARTER v. BROWNELL AUTO CO.
(6 Div. 34.)

Supreme Court of Alabama. June 7, 1928.

1. **Equity ⟨⟩24—Jurisdiction to relieve against forfeitures is exercised to prevent oppression, but does not authorize disregard of valid stipulations.**

Jurisdiction to relieve against forfeitures is exercised on principle that party having legal right shall not be permitted to avail himself of forfeiture for purpose of injustice or oppression, and is not to be extended to authorize court of equity to disregard and set aside valid stipulations of parties on performance of which their rights depend.

2. **Sales ⟨⟩481—Tender held prerequisite to jurisdiction to relieve against forfeiture, where balance was undisputed and opportunity for payment was afforded.**

Where there was no controversy as to balance due under conditional sales contract for automobile, and reasonable opportunity was afforded for payment or tender of balance due, tender was prerequisite of right to invoke jurisdiction of equity court to relieve against forfeiture provided for by contract.

3. **Sales ⟨⟩481—Facts held not to warrant relief against forfeiture of conditional sales contract.**

Where purchaser of automobile under conditional sales contract failed to pay some of notes as they matured, and violated contract by removing car from county without knowledge or consent of seller, requiring extra expense to locate and repossess automobile, seller acted within its legal rights in taking possession of automobile, and, where purchaser was given time to pay balance due, but neither tendered nor offered to pay balance, and all notes matured long before car was sold, conduct of seller was not oppressive or unjust to purchaser who was not entitled to equitable relief against forfeiture.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by G. A. Carter against the Brownell Auto Company to avoid a forfeiture. From a decree dismissing the bill, complainant appeals. Affirmed.

The appellant, Carter, on April 23, 1924, purchased from the appellee, Brownell Auto Company, Inc., under conditional sale contract, a new Dodge automobile, the purchase price including recording fee, insurance, and brokerage, being $1,222.30, of which $450 was paid in cash, the balance in payments represented by ten promissory waiver notes, nine for $45 each and one for $367.30, all drawing interest from date. The first of these notes was payable on September 23, 1924, and the remaining notes each month thereafter, the last maturing on June 23, 1925. Upon the making of the cash payment, the execution of the notes, and the conditional sale contract by appellant, the car was delivered to him.

In the conditional sale which retains the title to the car in the appellee, are, among others, the following stipulations:

"The purchaser agrees that, if he should fail to pay an installment, or any portion of the purchase price, as the same becomes due, time being of the very essence of this contract, or fails to perform any other agreement herein contained * * * the Brownell Auto Company, Inc., shall have the right to declare all installments immediately due and payable, and shall have the right to retake without notice to or demand upon any one immediate possession of said property. * * * Thereafter the Brownell Auto Company, Inc., shall have the right at its option to sell or dispose of said car, free from any claim, right, title, or interest thereto, by the undersigned purchaser. * * * Nor shall the purchaser take or cause said automobile to be carried, taken, or removed outside of Jefferson county, Alabama, without first obtaining the written consent of said Brownell Auto Company, Inc. * * * And, in the event

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of a violation thereof, the Brownell Auto Company, Inc., is authorized to retake said property without notice, and dispose of same by sale or otherwise, free from any claim of any kind which I may have."

Carter paid six of the notes first maturing, when he lost his job, and failed to pay in full the note maturing in March, 1925, paid the April note, but failed to pay the note due May 23, 1925, and, without procuring the permission of the Brownell Auto Company, and without their knowledge, removed the car from Jefferson to Talladega county.

After some effort, the appellee located the car in Carter's possession in Talladega, where he had gone and procured work, and, as the weight of the evidence shows, after making demand for payment of the balance due on the car, and, Carter's failure to pay such balance because of his inability to do so, the Brownell Auto Company, through its agent, on May 27, 1925, took possession of the car with Carter's consent.

The car was driven to Birmingham, placed in appellee's store or sales department, and there remained until October 3, 1925, when it was sold by appellee on credit to one Sol Davis for $950; a used car being accepted at $225 and resold for $50, $100 cash and the balance in 12 notes payable monthly.

From May 28 until July 11, 1925, according to the undisputed evidence, Carter was given the privilege of paying the balance due on the car, and was so advised by letter. He made some effort to sell the car and also to procure a loan thereon, but failed. The evidence shows that Carter was unable to pay the balance due when the car was taken, and, for all that appears in the evidence, his inability has continued. At no time did he tender or offer to pay the balance due.

Carter filed this bill October 8, 1925, seeking to be relieved of the forfeiture arising from his failure to pay at maturity, and to recover the purchase money paid by him and for the use and hire of the car after it was repossessed, and for general relief. The bill as amended, without showing tender or that the complainant was able, ready, and willing to pay, offered in general terms to do equity. On submission on pleadings and proof, the bill was dismissed and the complainant has appealed.

George R. Carter and W. A. Weaver, both of Birmingham, for appellant.

Forfeitures are not favored, and will not usually be permitted except where the failure to perform is willful or intentional. 21 C. J. 100; Barton v. Broyles, 212 Ala. 658, 103 So. 854; 1 Pomeroy, 495. This contract will be deemed to be in the nature of a mortgage. Barton v. Broyles, supra; Hawkins v. Coston, 214 Ala. 135, 107 So. 50. Appellee retained the unpaid notes as well as the contract, and demanded full payment thereunder. There

was, therefore, no forfeiture, as it would be inconsistent for appellee to insist on full payment and at the same time declare a forfeiture. Parker v. Houston, 215 Ala. 346, 110 So. 613.

Drennen & Burns, of Birmingham, for appellee.

There was no oppression in this case. Appellee gave appellant every opportunity to pay the balance due, and appellant never offered to do equity. The case of Barton v. Broyles, 212 Ala. 658, 110 So. 854, does not apply.

BROWN, J. (after stating the facts as above). The complainant rests his case on the doctrine:

"That, where the agreement secured is simply one for the payment of money, a forfeiture either of land, chattels, securities or money, incurred by its nonperformance, will be set aside on behalf of the defaulting party, or relieved against in any other manner made necessary by the circumstances of the case, *on payment of the debt, interest, and costs*, if any have accrued, unless by his inequitable conduct he has debarred himself from the remedial right, or unless the remedy is prohibited, under the special circumstances of the case, by some other controlling doctrine of equity." 1 Pom. Eq. Juris. (4th Ed.) § 450, p. 854.

In Barton v. W. O. Broyles Stove & Furniture Co., 212 Ala. 658, 103 So. 854, the complainant had purchased a lot of household goods under a conditional sale contract, stipulating that the purchase money should be paid in installments, and providing for a forfeiture of the payments made as rent for the use of the property in case of a failure to pay, the vendor retaining the legal title as a security for the debt. After the purchaser had paid all but a small balance of the debt, he made default, and the vendor, in the absence of the purchaser, entered upon his premises, took possession of the property, and, as the record in that case shows, though this does not appear from the report of the case, immediately sold the property to a third person without notice or an opportunity to pay the balance due, though he offered to do so before filing his bill. There the vendor, having the legal right to declare a forfeiture, exercised the right so as to work injustice and oppression.

[1] "The jurisdiction to relieve against forfeitures is exercised upon the principle that a party having a legal right shall not be permitted to avail himself of it for purposes of injustice or oppression. The jurisdiction is regarded as a dangerous one, not to be extended. It does not extend so far as to authorize a court of equity to disregard and set aside the valid stipulations of the parties upon the performance of which their rights de-

pend." 21 C. J. 100, § 76; Douglas v. Knickerbocker L. Ins. Co., 83 N. Y. 492; Kann v. King, 204 U. S. 43, 27 S. Ct. 213, 51 L. Ed. 860; Pacific States Savings, etc., Co. v. Green, 123 F. 43, 59 C. C. A. 167.

[2] And where, as here, there is no controversy as to the balance due under the contract, and a reasonable opportunity is afforded for payment or tender, a tender of the amount due is a prerequisite of the right to invoke the jurisdiction of a court of equity to relieve from the forfeiture. 21 C. J. 100, § 76; Sheets v. Selden, 7 Wall. (U. S.) 416, 19 L. Ed. 166; Pershing v. Feinberg, 203 Pa. 144, 52 A. 22; Wender Blue Gem Coal Co. v. Louisville Property Co., 137 Ky. 339, 125 S. W. 732; note, 16 A. L. R. 448; Texas Co. v. Pensacola Maritime Corporation (C. C. A.) 279 F. 19, 24 A. L. R. 1336.

[3] In the case at bar, the complainant, in addition to his failure to pay some of the notes as they matured, violated the contract by removing the car out of Jefferson county without the knowledge or consent of the vendor, requiring extra effort and expense to locate and repossess it.

Under these circumstances and the stipulations in the contract, the vendor acted within its legal rights in taking possession of the car; yet this was done with the consent of complainant. The car was held, as the evidence shows, from the 28th of May, 1925, until the 11th day of the following July, subject to the right of complainant to pay the balance due and obtain the car, with notice to Carter that, if he failed to pay the balance due, on or before the last date, the car would be sold, in accordance with the terms of the contract, free from all claims of the complainant. The car was in fact held until October 3, 1925, before it was sold, and the evidence shows that the defendant was willing at all times before it was sold to accept payment from complainant, and that he was so advised. Notwithstanding this, the complainant neither tendered nor offered to pay the balance due, though he made some effort to procure a purchaser and to borrow money on the car with the defendant's consent.

All the notes had matured on June 23, 1925, long before the car was sold, and the evidence shows that the property involved is of a class that rapidly depreciates in value.

Under these circumstances, it cannot be said that the conduct of the defendant was oppressive or attended with circumstances showing injustice toward the complainant.

We are therefore of opinion that relief was properly denied, and the bill dismissed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.