(127 So. 227)

## SHADDIX v. BILBRO et al.
### 7 Div. 936.

Supreme Court of Alabama.
March 27, 1930.

Hood & Murphree, of Gadsden, for appellant.

658

Culli, Hunt & Culli, of Gadsden, for appellees.

FOSTER, J.

Appellant entered into a contract with appellees of a nature termed ordinarily a lease sale contract relating to a dwelling house. Before executing this contract, appellees at a time when they were occupying it as a dwelling rented it to appellant who moved into it, and appellees moved out, and some months later, while so occupied by appellant under his rent contract, the lease sale contract, the foundation of this suit, was executed.

Appellees claim that it is void because it was a contract to convey the homestead, and prohibited by law. Section 7883, Code.

■■ If the homestead had been abandoned as such, the statute does not apply. Hudson v. Kelly, 70 Ala. 393. The evidence does not show that a declaration of claim was filed under section 7914, Code. Without the filing of such declaration, the leasing of the homestead temporarily is an abandonment, when the lease is for a definite time, and the owners live away from it. Trapp v. First Nat. Bank, 217 Ala. 587, 117 So. 197; Smith Lumber Co. v. Garry, 202 Ala. 473, 80 So. 857. Regardless of the value of the dwelling, it was not the homestead of appellees when the lease sale contract was executed, as they had leased it for a definite time, moved off, and had not filed a declaration of claim so far as the evidence shows. We therefore agree with the circuit court that for this reason the lease sale contract was not void.

As we interpret the purpose of the bill, it is to relieve appellant of the forfeiture of his rights under the contract on account of the failure to pay strictly according to the terms of the contract the installments of rent, which, in effect, are purchase-money installments. The basis of this claim is that a forfeiture, according to the penalty of the contract, was waived by appellees. It does not seem to be predicated upon the equitable principle that, in order to do justice, equity may relieve a purchaser in a lease sale contract of the forfeiture occasioned by a nonpayment of the installments strictly according to its terms, though there is no waiver of such forfeiture by the seller. This equitable power is now well established in this state, as well as generally throughout the country. Abrams v. Watson, 59 Ala. 524, 531; Barton v. Broyles, 212 Ala. 658, 103 So. 854; Hawkins v. Coston, 214 Ala. 135, 107 So. 50, 53; Jacobs v. Mudd, 216 Ala. 530, 113 So. 589; Carter v. Brownell Auto Co., 217 Ala. 690, 117 So. 304; note 16 A. L. R. 437, et seq. This principle in no respect conflicts with our case of Nelson v. Sanders, 123 Ala. 615, 26 So. 518, which was an action at law, nor Davis v. Folmar, 203 Ala. 336, 83 So. 60, in which such relief was not sought, but the only claim was that the forfeiture was waived. As we have stated, this appellant bases his claim primarily upon a waiver of the forfeiture. The sufficiency of the bill was not tested in any respect.

The lease sale contract was entered into November 11, 1927, and provided for one hundred and thirty-eight monthly installments, each for the principal sum of $75, except one for $15, and interest. There was a cash payment also. When the eleventh note due October 10, 1928, became payable, appellee accepted payment of one-half of it, and extended payment of the balance indefinitely. The notes which had matured, and the notes due in November and December, following, were paid; many of them several days after maturity. No objection to this course of dealing had been expressed by appellee. The note due January 10, 1929, was paid March 13, 1929, and that due February 10th was paid April 10th. There was then left unpaid one-half of the October note, and those due in March and April. Appellee testified that at the time when the last payment was made (April 10th), appellant offered to pay him half the total amount then due, and to give him a check postdated, as of April 20, for the other half. And to quote appellee's testimony: "I told him to give me a check for the money that he had then for one or more notes and it would be all right for him to take the others up *when he had the money*, that a postdated check wasn't worth anything." At that time appellant paid the note of February 10th, as

we have stated. Their next transaction occurred May 13th. Another note had matured May 10th. The parties agree substantially on what happened. Appellant on that day (May 13th) offered to pay one note (the oldest past due—March 10th) and the unpaid half of the October note. Appellee refused to accept any further payment, and told appellant that he had forfeited all rights under his lease,. and that he was going to try to repossess the place. Two days later, May 15th, this bill was filed.

The lease sale contract contains a stipulation in effect that, if appellant shall become as much as two months in arrears during the first year of the existence of the contract, or as much as three months in arrears on such payments at any time thereafter, all payments which have been made shall be taken as rent, and appellant shall become merely a tenant for the full term, and shall forfeit his right to a conveyance of the property. It appears from the evidence, as we have shown, that on May 13th, when appellant offered to pay the oldest overdue note (due March 10th) and half of the October note, he had been only three days in arrears to the extent of three months installments. It is such three days' default which appellee claims sufficiently justified his declaration of forfeiture.

██ It may be conceded that, so long as there was not a two months' default during the first year or for three months during the second year, an acceptance of payments after maturity did not waive a claim of forfeiture which may thereafter occur on account of a two or three months' default as the case may be. Nelson v. Sanders, supra; Davis v. Folmar, supra. The checks evidencing the payments were in evidence, and many of them were dated after the 10th of the month. The parties were very close confidential friends— one a doctor using the drug store of the other as his headquarters and office. At no time was there any intimation that a delay of three days was material, nor was complaint made of any such delay, though they frequently occurred. This court, in the case of Hawkins v. Coston, supra, referred to the fact that: "If the lessor by his acts leads the lessee to believe that strict performance of the agreements in the contract will not be insisted upon, equity will not permit the lessor to take advantage of forfeiture provisions in the contract without notice to the lessee that strict compliance will be required on the theory that the lessor is estopped from enforcing the forfeiture provisions until he has notified the other party that he intends to do so. It would be inequitable for one party to a contract to lull the other party to sleep by numerous waivers of the provisions of the contract, and then, after the property has been practically paid for, change his position and insist on the forfeiture and retake the property."

It must be conceded that, if appellant had on May 10th paid one note, as he offered to do on the 13th, and the unpaid half of the October note, appellant would not have been three months in arrears. Did not appellee, by his course of dealing, lead appellant to believe that a delay of three days was not such a default as would be insisted upon as a forfeiture? If so, he cannot claim it as such until he has given notice of his purpose to do so, with opportunity then to comply with the requirements. We think the facts of this case are clearly within this rule.

██ Appellee should also be held to have waived the forfeiture due to the default of the three months' arrears which occurred after May 10th, in that he testified that on April 10th he told appellant that he could take up the other notes (which were due in March and April) *when he had the money.* This cannot properly be interpreted to mean the 20th of the month as counsel claim. A stipulation of that nature is not void for uncertainty. Dantzler v. Scheuer, 203 Ala. 89, 82 So. 103; Torrey v. Krauss, 149 Ala. 200, 43 So. 184. Though, for want of a sufficient consideration, it may not have had the legal effect of extending the maturity of the notes, it was certainly sufficient to estop appellee from claiming a forfeiture for nonpayment of the notes referred to until there was notice that such payment was required with an opportunity then to pay them. It is for the nonpayment of these very notes which appellee claims resulted in a forfeiture under the penalty of the contract, and at a time when appellant offered to pay enough to be relieved of the forfeiture resulting from being three months in arrears.

We conclude that the court properly found that appellant had not forfeited his rights as a purchaser under the contract.

Neither in the contract nor in the notes is provision made for declaring all notes due in event of any stated contingency. The prayer of the bill is: "And that upon a final hearing of this cause your honors will adjudge and decree that he has a right to continue the payments of his said notes in accordance with the terms of his contract until said notes are fully paid, or, if he is mistaken in this, he prays that he be allowed' to pay off the entire balance of purchase money due the said respondents, and that respondents be required upon such payment to execute a deed to the property described in said contract of sale, in accordance with the terms thereof, and the complainant hereby submits himself to the jurisdiction of this court and agrees to pay to the respondents such sum or sums as this court may order and decree should be paid in equity and good conscience to these respondents, and he agrees to pay all notes and balances on notes that are past due, and he prays that the court, upon the payment thereof, will reinstate said contract and permit

him to continue the payment of the notes as they become due, or, if the court should determine that he should pay the entire balance of the purchase money unpaid, he hereby agrees to pay that sum when ascertained, or such other sums as the court may determine to be equitable and just in the premises." Appellant testified as follows: "I now have the money to pay Mr. Bilbro all that is due up to date. I am ready, willing and able to pay it. If the court requires it I am able to pay the entire balance on the place."

The court decreed that appellant shall pay the entire sum of the balance of the purchase price and the costs of the cause within thirty days, or on default that he surrender possession to appellee. We cannot agree with the court to the full extent of the decree.

We have shown that a proper interpretation of the bill is that it is for relief against a forfeiture on account of its waiver, and that a court of chancery may relieve one of such a forfeiture when the facts justify it. We have shown that the facts alleged and proven justify such relief. We do not interpret the quoted provisions of the prayer and testimony to be an agreement by appellant that the court may enter such a decree as was made. It is but an offer to do equity and comply with the proper orders and decrees of the court, extending even so far, if that is found to be equitable and proper. But the prayer specifically is for relief against the forfeiture, in that he be decreed the right to pay all arrears and the balance of the installments as they mature. We find no reason to deny such relief, nor do we find occasion to require full payment within thirty days of all notes not due.

■■ Though a bill offers to pay the balance found by the court to be due, if the creditor interposes no defense to the relief prayed, the costs of the suit are usually taxed against complainant, when there has been no tender kept good. But not so when respondent makes defense and denies complainant's right. Complainant in the instant case is not without fault, because he made no previous attempt nor offer to pay the entire amount which he admitted to be due and owing before filing the bill, and brought no money into court. Under such circumstances it is usual to divide the costs of the chancery court, though defendant makes an unsuccessful defense. Hudson v. Kelly, supra; Perdue v. Brooks, 85 Ala. 459, 5 So. 126; Connor v. Armstrong, 91 Ala. 265, 9 So. 816; Waller v. Jones, 107 Ala. 331, 352, 18 So. 277.

■ But as appellant is in the main successful on this appeal, the costs of appeal we think should be taxed against appellees. Hudson v. Kelly, supra.

Appellees filed a cross-bill, and prayed that, on account of appellant's default, they be decreed the right to re-enter the premises and annul the lease, pursuant to another stipulation in the contract to the effect that, upon default as therein stated, the lessors shall have the right at their option to re-enter the premises and annul the contract. This relief was granted upon the condition that appellant should fail to pay the full amount of the contract price and costs of court within thirty days. Appellees have cross-assigned errors. What we have said, we think, sufficiently shows that there was no error to their prejudice in the decree of the circuit court. We think that the cross-bill, and the statement by appellee to appellant, made on May 13th, to which we have referred, sufficiently show the election of appellees to re-enter upon the occurrence of the default which they claim justifies such right.

We therefore conclude that the proper decree is that appellant shall, within thirty days, pay into the circuit court, for appellees, all sums, which, under the terms of the contract, are then past due and unpaid, with the interest thereon to date of payment, and one-half the costs of this cause which accrued in the circuit court other than the costs of this appeal; that upon such payment, appellant shall be thereby relieved of the penalty of a forfeiture on account of the failure to pay such amounts which are then past due, and the lease sale contract shall thereafter remain in effect, subject to a further compliance with its terms. But upon the failure of appellant to comply with such order, the lease sale contract shall thereby become ineffectual, except as a basis for the recovery of such sums as may properly be due under its terms for the use of the property by appellant; and thereupon appellees shall be put in possession of the property. In such event, the court should proceed to adjudge and decree the amount due for the use of the property by appellant and issue such process as may be necessary to collect it, enforcing a landlord's lien, if found to be proper. The court will grant complete relief to all the parties, and make and enter such decrees and orders from time to time as may be necessary.

Appellees are taxed with the costs of the appeal in this court and in the circuit court.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.