191 So. 360

**J. D. PITTMAN TRACTOR CO. et al. v. BOLTON.**

**6 Div. 468.**

Supreme Court of Alabama.

Oct. 5, 1939.

Warren S. Reese, Jr., of Montgomery, for appellants.

Partlow, LeMaistre & Clement, of Tuscaloosa, for appellee.

**ANDERSON, Chief Justice.**

Bill in equity by buyer of personalty under conditional sale contract for equitable relief against forfeiture for nonpayment of instalment at the time stipulated. The appeal is from a final decree for complainant.

The trial court rendered a full, carefully prepared opinion, setting forth a finding of facts.

The hearing was on documentary evidence and oral testimony of witnesses before the court.

The controlling facts, so found, are in substance as follows: On November 1, 1935, appellant, J. D. Pittman Tractor Co., Inc., sold to appellee, Mallie Bolton, an excavating machine, described as "one used Speeder one-half yard steam shovel, serial No. 696."

The consideration was $2,500, payable in money, and one "Byars" shovel, taken at a trade in value of $1,500. The $2,500 was payable in twelve equal monthly instalments, beginning November 11, 1935, evidenced by promissory notes bearing interest from date.

The conditional sale contract, among other alternative remedies, stipulated that on default in payment of any instalment at the time specified, the seller "may take possession of said property wherever and whenever found, and, with or without notice or demand, may elect to treat buyer in default, and in such event all of the rights, titles, and equities of buyer in said property shall immediately cease and determine, and seller shall be released from all obligations to transfer or deliver said property to the buyer, and all sums of money theretofore paid, and all sums then due and unpaid by the buyer to seller hereunder or under said promissory notes shall remain the property of seller and shall be considered compensation for the use, wear and tear and depreciation of said property, and buyer agrees forthwith to pay to seller all of said payments which are then due and unpaid."

Time was stipulated to be of the essence of the contract. Acceptance of any payment after it became due was declared not to constitute a waiver of such stipulation, or other provisions of the contract.

The sale was made in connection with an agreement between complainant, Bolton, and one Taylor whereby complainant was to buy the shovel and Taylor should pay for same from the proceeds of its operation, and payments were to be made by complainant only in case Taylor failed to meet them when due. This arrangement was known to the seller, who agreed to notify complainant when Taylor failed to pay on time.

Nine of the twelve instalments were paid. Several were paid by Taylor, some of them one to two months after maturity. In two instances, January and July, 1936, complainant made the monthly payments after notices from the seller that Taylor had failed to meet them.

The instalment due August 12th was not paid when due. On September 5th thereafter the seller wrote complainant, the buyer;

"You have past due with us this time one note amounting to $208.33 which was due on August 12th and there is another note due on Sept. 12th amounting to $208.-33 and another one on October 12th for $208.37, all bearing interest at the rate of 6% from November 1st, 1935 to date.

"We made arrangements today to repossess this machine on account of the nonpayment of August 12th note, but Mr. Taylor brought Mr. Baird into Birmingham and wished us to permit he and yourselves to give us a bill of sale on this machine for your equity therein and we would in turn resell the machine to Mr. Baird, so if this agreeable with you and if you will give us a bill of sale for the balance that is now due on this machine, we will then arrange to resell it to Mr. Baird.

"For your information, the total indebtedness on this machine up to September 1st, amounts to $669.29.

"Upon receipt of this bill of sale and the proper papers back from Mr. Baird we will then turn over your old papers on this machine to you."

On receipt of this letter complainant sent check to cover the principal of the

note due August 12th with letter of date Sept. 9th advising that he would be in the seller's office within the next few days to see about the account.

The check was refused and returned with advice that the property had already been repossessed. It had been repossessed, under date of September 1st, a bill of sale had been made to Baird in consideration of $669.29, the balance due the seller on the sale to Bolton. In October following, and before this bill was filed, a tender was made by complainant of the full amount of the unpaid balance.

■ The finding of facts on a hearing of witnesses examined orally before the court is accorded the same presumption as the verdict of a jury.

. The record supports the findings of facts as above outlined.

■ The buyer under a conditional sale contract acquires a property interest. of increasing value as the several instalments are paid.

■ Stipulations making time of the essence of the contract, empowering the seller to retake possession for condition broken, all payments theretofore made being treated as rentals for the use of the property, while valid at law, are treated in equity as in the nature of a forfeiture, and not to be so enforced as to work oppression and injustice.

■ Dealing with such stipulations as security for the debt, though not strictly a mortgage, a court of equity is open to the buyer, upon tender of the amount due or, if the amount of the debt is in dispute, upon offer to do equity, to maintain a bill to set aside the forfeiture and have equitable relief appropriate to the particular case.

■■ This cause comes within this principle. The retaking of this property, and selling it to another, without notice to the buyer that the August instalment was in default, was, under the facts found by the trial court, quite inequitable, no matter what complaints had theretofore been made as to delays on the part of Taylor and insistence upon prompt payments as per contract. Some cases have stressed the waiver of the condition as to time by acceptance of payments considerably past due; lulling the buyer into the belief that such condition would not be insisted upon. This should not be extended to confer a license on the debtor to disregard his obligation to pay at the times fixed in the contract.

■ But equitable relief does not depend upon waiver of the conditions written into the contract. For example, if the buyer should meet every instalment on time until the greater part of the debt is paid, and then from inability or neglect fails to pay an instalment on time, the seller, taking advantage of the letter of his contract, proceeds to repossess the property as his own, refusing the buyer an opportunity to pay the balance, the seller is using the forfeiture provisions of the contract oppressively. Equity, working out its own remedies, interposes to prevent injustice, provided always the buyer is ready and willing to pay the debt. The primary purpose of the contract is to secure the debt. Equity so deals with it. Barton v. W. O. Broyles Stove & Furniture Co., 212 Ala. 658, 103 So. 854; Hawkins v. Coston, 214 Ala. 135, 107 So. 50; Shaddix v. Bilbro et al., 220 Ala. 657, 127 So. 227; Hunter-Benn & Co. v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348; Carter v. Brownell Auto Co., 217 Ala. 690, 117 So. 304; Dean v. Coosa County Lumber Co. et al., 232 Ala. 177, 167 So. 566.

The tentative transaction between complainant and Taylor, never consummated by Taylor, in no way affects the equities of the case. Complainant was the sole purchaser. His equities were recognized in the letter of Sept. 5th, but ignored and repudiated when he sought to make payment.

■ The alternate relief granted gave respondents, Tractor Company, the election to pay the value of the property at the time it was re-possessed less the amount of the indebtedness then unpaid. This was equitable under the circumstances. It protects Baird, the purchaser, after the property was re-possessed. There is no lack of evidence to support the finding of the value of the property at that time, namely, $2,000. We need not consider the more onerous alternative relief, based on a return of the property and payment of the value of the use or hire of the property from the time it was re-possessed to the date of the trial.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.